Woodward, Adm'r &c.,' vs. The Chicago and North-Western Railway Company.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.

WOODWARD, Adm'r &c., vs. THE CHICAGO & NORTH-WESTERN RAILWAY COMPANY.

*Pleading— Venue—R. S. ch.* 135, *sec.* 12.

In an action under the statute for negligently causing the death of plaintiff's intestate, the injury was alleged to have been received "in the city of Janesville," the words "in this state" not being added. *Held,* that the court takes judicial notice of the existence of such city in this state, and does not take notice of the existence of a city of the same name in any other state; and the averment is sufficient.

APPEAL from the Circuit Court for *Rock* County.

This case was precisely similar to the preceding, except that the injury is alleged in *that* case to have occurred "in the city of Janesville in this state;" while in the present case the words "in this state" are omitted. The same demurrer was interposed as in the former cause; and the plaintiff appealed from an order sustaining the demurrer.

*Pease & Ruger*, for defendant, argued that the court could not treat the allegation as showing that the death was "caused in this state" (sec. 12, ch. 135, R. S.), unless it would take judicial notice, not only that there is such a city as Janesville in this state, but that there is no city of the same name in any other state; and they cited *Rogers v. Milwaukee*, 13 Wis., 610; *Beach v. Steamboat Co.*, 18 How. Pr. R., 335; *Cruger v. Hudson River R. R. Co.*, 2 Kern., 201; *Chapman v. Wilber*, 6 Hill, 475; *Ch. & R. I. R. R. Co. v. Morris*, 26 Ill., 400.

*Conger & Hawes, contra*, cited 1 Greenl. Ev., §§ 6, 479; *People v. Herkimer*, 4 Cow., 345; *People v. Breese*, 7 id., 429; *Vanderwerker v. The People*, 5 Wend., 530; *Chapman v. Wilber*,

6 Hill, 475; *Atwater v. Schenck*, 9 Wis., 160. The old rule, that if the meaning of words in a pleading is equivocal, they must be construed most strongly against the party using them, would not aid the demurrer, if it were still in force; but the statute has adopted a more liberal rule. R. S., ch. 125, §§ 1, 21; *Allen v. Patterson*, 3 Seld., 476.

DIXON, C. J. The venue in this complaint, or place of the alleged injury and death of Mrs. Woodward, is laid "in the city of Janesville," instead of "in the city of Janesville in this state," as in *Whiton, Adm'r, v. The Chicago & Northwestern Railway Co.*, just decided, and this is the only point of difference between the two cases. Courts take judicial notice of the local divisions of their country, as into counties, cities, towns and the like, and of the acts of incorporation of cities, which are public. We must take notice that there is a city of Janesville in this state; but we cannot judicially know, or presume, that there is another city of the same name in any other state or country. Hence we must assume that the city of Janesville named in the complaint, is the city of Janesville in this state, and the averment is in this respect sufficient. Upon this point it is sufficient to refer to the authorities cited by the counsel for the plaintiff.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.