Huey vs. Van Wie et al.

## Huey vs. Van Wie and others.

TAX DEED: *Conclusive of what facts — Execution and acknowledgment by a deputy clerk — Seal, how recorded.*

1. A tax deed executed by a deputy, while chapter 503, Laws of 1852, and chapter 66, Laws of 1854, were in force, is conclusive of the existence of the contingency which under the statute authorizes a deputy to perform the duties of the clerk, though the fact is not recited therein.
2. Such a deed cannot be impeached by showing that the taxes for which the land was sold were excessive or illegal.
3. Such a deed recited that the land was "sold by the county treasurer of said county of Dane, at public auction at the court house in the village of Madison, *in the county of Madison.*" *Held,* that the court takes judicial notice that the village of Madison is in *Dane* county; and the deed is good under those statutes, notwithstanding this clerical error.
4. A deputy clerk, in performing any official act, as in executing a tax deed or acknowledging the same, may do it in the name of his principal in office.
5. The corporate seal of the county official to a tax deed is sufficiently recorded, if indicated upon the record by the word "seal" written within a scroll.

APPEAL from the Circuit Court for *Dane* county.

Ejectment. The defendant claimed under a tax deed executed in May, 1856, and recovered judgment; from which the

plaintiff appealed. The only questions raised on the trial were concerning the validity of the tax deed; and these are sufficiently stated in the opinion of the court.

*J. D. Gurnee* (with *J. C. Hopkins*, of counsel), for the appellant:

1. The deed should have been executed either by the clerk as clerk, or by the deputy as deputy, and not by one *in the name of the other*. If the deputy executed the deed in the absence of the clerk, as he must have done if he acted within the statute, the act was his own, and not the clerk's; for the clerk can perform no official duty when absent or away from his office. R. S. 1849, ch. 10, § 137; *State ex rel. Hopkins v. Olin, ante,* 309; *Miller v. Lewis,* 4 Comst. 553; *Beaumont v. Yeatman,* 8 Humph. 542; *McRaven v. McGuire,* 9 Sm. & M. 34; *Eastman v. Curtis,* 4 Vt. 616; *Sexton v. Rhames,* 13 Wis. 100; *Conley v. Turner,* 10 Wend. 572; *Norton v. Colt,* 2 id. 250; 1 Mann. (Mich.) 334; 1 Salk. 96; 12 Iowa, 46, 566. 2. The recital that the lands were sold in the county of *Madison,* is a fatal mistake. Even if the word "Madison" could be rejected because there is no such county in the state, still, the court cannot supply the omission and insert the name of the right county. Tax deeds cannot, like other deeds, be aided by any intendment. *Curtis v. Sup'rs Brown Co.,* 22 Wis. 167; *North v. Wendell,* id. 431; *Orton v. Noonan, ante,* p. 102. 3. The certificate of acknowledgment is defective, so as not to entitle the deed to be recorded. It fails to identify either the person who executed the deed, or the one who acknowledged it; and we cannot go back of the certificate to speculate as to what did in fact occur before the officer. *Beaumont v. Irwin,* 8 Humph. 542; *Hayden v. Westcott,* 11 Conn. 129. 4. The deed was not properly recorded, as the recorded deed did not show the corporate seal attached to the original. Hence plaintiff-had a right to redeem. 5. The plaintiff should have been permitted to show that there was an illegal excess in the taxes

for which the lands were sold. A sale for a sum including illegal fees is void. *Warner v. Sup'rs of Outagamie Co.*, 19 Wis. 611.

*H. W. & D. K. Tenney*, for respondents:

1. The deed was protected under the statutes in force when it issued. Laws of 1852, p. 783; Laws of 1854, p. 78; *Smith v. Cleveland*, 17 Wis. 556, 564; *Lain v. Shephardson*, 18 id. 59. 2. If the deputy who executed the deed could only act in the absence of the clerk, then it will be presumed that the clerk was absent. The deputy having acted, the presumption is that the circumstances were such as gave him a right to act, and this presumption continues until the contrary is shown. 1 Phil. Ev. (ed. of 1868) 500, 506, 507, 534–6; 4 Comst. 566; 1 Mann. (Mich.) 344; 2 Seld. 422; 10 Wis. 563; 17 id. 537; 19 id. 149. Besides, the statute makes the deed conclusive of all the requisites to its execution, including the clerk's absence, if that were necessary. 3. It was proper that the deputy should execute the deed in the name of his principal. Blackwell on Tax Titles, 375. 4. As to the certificate of acknowledgment, the statute prescribes no form, and the certificate must be construed with reference to the execution. 5. The scroll upon the record, indicating the proper seal on the original, was sufficient. 10 Wend. 654.

COLE, J. The tax deed in this case was executed by the deputy; and it is conceded on both sides that when the deputy acts, the presumption is that the clerk was absent or disabled, or that a vacancy had occurred, so that the deputy was authorized to perform the duties of the clerk. If by this concession is meant, that in case of tax deeds, the courts will apply the maxim *omnia rite præsumuntur* — the presumption that officers have performed their duty in the tax proceedings as in ordinary judicial proceedings — it is very doubtful whether any such presumption would arise. "It is a general principle, that

the party who sets up a title must furnish the evidence necessary to support it. If the validity of a deed depends on an act *in pais*, the party claiming under the deed is as much bound to prove the performance of the act as he would be bound to prove any matter of record on which its validity might depend. It forms a part of his title; it is a link in the chain which is essential to its continuity, and which it is incumbent on him to preserve." *Williams v. Peyton*, 4 Wheat. 77. This brief quotation from the opinion of Chief Justice MARSHALL, in the above case, which is in harmony with very many adjudged cases upon the same subject, shows that courts have not been in the habit of applying the same principle of presumption in the case of lands sold for non-payment of taxes, which is applied in ordinary cases in support of a right asserted in judicial proceedings; but in the absence of statutes changing the burden of proof, a party claiming under a tax title would be required to show affirmatively that the officers proceeded strictly in conformity with the law in divesting the title of the original owner. Still, when we consider the laws in force when this tax deed was executed, we think the presumption must be indulged in, that the deputy was authorized to act for the clerk in executing it. These statutes were chapter 503, Laws of 1852, and chapter 66, Laws of 1854; which, in effect, provided that the title conveyed by any deed of lands sold for the non-payment of any tax to the grantee therein, his heirs or assigns, should not be invalidated or in any way affected or avoided by any error previously made in assessing, listing, taxing, selling, *or conveying said land*. Now it seems to us, in view of these enactments, that where the deed is regular and fair upon its face, and executed by a deputy, who is an "officer authorized by law to execute deeds of land sold for the non-payment of taxes," in the absence or disability of the clerk, the presumption must be, that the deputy was authorized to act for the clerk in executing the deed in question. The deed is

made evidence of the existence of facts essential to its execution, including the contingency which authorized the deputy to act.

This being so, we will proceed to notice the objections taken to the validity of the tax deed. The deed was signed "GABRIEL BJORNSON, Clerk of Board of Supervisors of Dane County, Wisconsin, by J. H. McAvoy, Deputy." It is insisted that it should have been executed by Gabriel Bjornson as clerk, or by J. H. McAvoy as deputy clerk of the board of supervisors. The statute required every clerk to appoint a deputy, and enacted that "such deputy, in case of the absence or disability of such clerk, or in case of a vacancy in his office, shall perform all the duties of such clerk during such absence or until such vacancy shall be filled." R. S. 1849, ch. 10, § 45. The power to make the deed is vested in the officer (the clerk of the board of supervisors in this case); and when the deputy acts, he should do so in the name of his principal. The general rule is, that every ministerial duty may be performed by deputy, but that the deputy should proceed in the name of his principal. Blackw. on Tax Titles, 375. There are cases which hold that, when the deputy signs his own name, instead of the principal's, it is sufficient. *Calender v. Olcott*, 1 Manning (Mich.) 344; *Downing v. Rugar*, 21 Wend. 178; *Miller v. Lewis*, 4 Comst. 554–566; *Wood v. Bailey*, 12 Iowa, 46; *Finn v. Rose*, id. 565; *Eastman v. Curtis*, 4 Vt. 616; *Beaumont v. Yeatman*, 8 Humph. 542. But it seems to us that the better way is, when the deputy performs an official act for the principal, that he should do it in the name of his superior. *Lynch v. Livingston*, 6 N. Y. 422.

Another objection taken to the deed is, that it appears upon the face thereof, that the lands sold were situated in the county of Dane, but that the deed recites that they were sold in the county of Madison. The deed recites that the land "was, for the non-payment of taxes, sold by the county treasurer of said

county of Dane, at public auction at the court house in the village of Madison, in the county of Madison." We must take judicial notice that the village of Madison is in the county of Dane, and that there is no such county as Madison in the state. *Woodward v. The Chicago & Northwestern R. R. Co.*, 21 Wis. 309. The doctrine of *Lain v. Cook*, 15 Wis. 406, does not apply.

A further objection is taken, that the deed is not properly acknowledged. The certificate of acknowledgment states that, on, etc., "Gabriel Bjornson, clerk of the county board of supervisors of Dane county, by J. H. McAvoy, his deputy, and" who was well known, etc., "came personally before" the officer, and acknowledged the due execution of the same." The acknowledgment was that of the clerk by his deputy. Our statute prescribes no particular form of acknowledgment, and one by the deputy for and in the name of his principal appears to us valid and sufficient.

Again, it is claimed that the deed is not properly recorded, so as to cut off the right of redemption. It is stated that the recorded deed did not show the corporate seal, but the recorded book had the word "seal" inside of a scroll at the end of the clerk's signature. The county seal was in fact impressed upon the original deed, and we think the record of this seal met all the requirements of the law.

The deed clearly concluded the plaintiff from showing that there was an excess in the amount of taxes for which the land was sold. By the statute it was conclusive evidence of the regularity of the tax proceedings. *Smith v. Cleveland*, 17 Wis. 556.

This disposes of the material questions in the case.

*By the Court.* — The judgment of the circuit court is affirmed.

Mr. Justice PAINE dissented as to the first point discussed in the above opinion.

The appellant moved for a rehearing, and the appeal was finally disposed of at the February term, 1869.

COLE, J. The only point made on the motion for a rehearing that we deem it necessary to notice is, the objection that the tax deed is not in the form prescribed in the statute, because it recites that the lands were sold in the county of Madison. In the opinion it is stated that we must take judicial notice that the village of Madison is in the county of Dane, and that there is no such county as Madison in the state. If this is not a good answer to the objection, the statute certainly furnishes one which is entirely satisfactory. We refer to the clause of the law cited in the opinion, to the effect that the title conveyed, etc., shall not be in any way affected or avoided by any error in conveying the land. The omission of the word "Dane" and the insertion of the word "Madison," is obviously a mere clerical error. If any force or effect is given the provision of the statute, it must be held that it cures such a mere verbal inaccuracy as occurred in this deed. Our attention has not been particularly directed to the language before, but it seems to us that it fully disposes of the objection.

*By the Court.*—Motion denied.