PUTNEY vs. CUTLER and another.

*December 13, 1881 — January 10, 1882.*

*Tax Deed: Record of seal.*

Where a tax deed as recorded purports to have been executed by the county clerk in behalf of the state and county, and duly witnessed and acknowledged, and recites that the clerk has subscribed his name officially and affixed the seal of the county board, it is admissible in evidence of title, although the only representation of a seal therein is a scroll near the clerk's name, with the word "seal" written within it.

APPEAL from the Circuit Court for *Waukesha* County. Ejectment, for a village lot. The plaintiff claims title by deeds from the defendant *Cutler*. The defendants, by joint answer, admit that the plaintiff has title to an equal undivided half of the lot by deed dated June 28, 1871, and is in possession of the east half of the lot, and insist that the defendant *Eckert* has title to the other undivided one-half of the lot by deed from *Cutler* dated November 29, 1878, and that the plaintiff and defendants agreed that the plaintiff should take and have possession of the east half and *Eckert* the west half of the lot, and they each thereupon went into the occupancy of the respective halves of the lot as so divided. The answer also contains a general denial, except as to the facts admitted. The evidence tended to show that *Cutler* once owned the whole lot; that he conveyed an undivided one-half to one Kelsey in 1848, and the other undivided one-half to the plaintiff in 1871, and that Kelsey conveyed to the plaintiff, May 22, 1878. The court admitted in evidence a quitclaim deed of the undivided one-half of the lot from Giles C. Dana and wife to *Cutler*, dated July 12, 1871, and recorded the same day; also a quitclaim deed of the same from *Cutler* to *Eckert*, dated November 29, 1878; also a contract for the sale of the same from *Cutler* to *Eckert*, dated March 8, 1876; but excluded the evidence of the records in the office of the register

of deeds of Waukesha county of each of the following deeds, to wit: (1) Tax deed from Waukesha county to Giles C.Dana, dated January 26, 1865, and recorded the same day. (2) Tax deed from the village of Waukesha to Giles C. Dana, dated March 1, 1867, and recorded July 13, 1871. (3) Tax deed from Waukesha county to *Cutler,* dated May 14, 1878, and recorded the same day. (4) Tax deed from Waukesha county to *Cutler,* dated August 26, 1878, and recorded the same day. The court directed a verdict for the plaintiff; and from the judgment entered thereon the defendants appealed.

For the appellants there was a brief by *J. V. V. Platto* and *W. S. Hawkins,* and oral argument by *Mr. Platto:*

1. It was not necessary to the validity of the record that the device and inscription on the official seal should be transcribed, but such seal was sufficiently recorded by the use of the word "seal," written in a scroll. *Huey v. Van Wie,* 23 Wis., 613, 618.   2. The deeds having been issued in the form prescribed by law, and a seal appearing, the presumption is that the seal was official and regular. 1 Greenl. on Ev., §.38a; 5 U. S. Dig., §§ 779–81, 800; *Hartwell v. Root,* 19 Johns., 347; *Mills v. Johnson,* 17 Wis., 604; *McKutchin v. Platt,* 22 id., 565; *Schnee v. Schnee,* 23 id., 382.

*Warham Parks,* for the respondent, contended that it was necessary to the validity of the original deeds that the corporate seal should be upon them (Tay. Stats., 439, § 167; Dillon on M. C.,.§§ 131, 450, with the notes thereto, and cases there cited; 2 Washb. on R. P., 247 [*570]; *Woodman v. Clapp,* 21 Wis., 367; *Knox v. Huidekoper,* id., 527); that the reason why the statute makes the record of such a deed evidence is, that the law presumes the record to be a true and exact copy; and that this record shows upon its face that the originals had not the corporate seal, but a private seal. In *Huey v. Van Wie,* 23 Wis., 613, it was merely held that such a record was sufficient to set the statute running in favor of the deed.

CASSODAY, J.   The record of each of the four tax deeds offered in evidence by the defendants was excluded, because such record did not show that the seal of the county was on the deed.

From the records offered it would appear that three of the deeds therein recorded were each executed by the clerk of the county board of supervisors of Waukesha county, for and in behalf of the state and county, in the presence of two witnesses, who subscribed the same as such, and the same was acknowledged before a proper officer, who certified to the fact, and that the clerk had thereunto subscribed his name officially and affixed the seal of the county board the day and year stated.   From the record of the deed from the village it appears that the same was executed by the treasurer of the village, as such, for and in behalf of the village, and that he affixed thereto the seal of the village, similar to the county deeds.   Such tax deeds, therefore, were thereby made presumptive evidence of the regularity of all the proceedings, from the valuation of the land by the assessor up to and including the execution of the deed, and were entitled to be recorded with the like effect as other conveyances of land, unless they were obnoxious to the objection raised.   Sections 1176, 1178, R. S.; sections 25, 50, ch. 22, Laws of 1859.   The precise objection to the record of each deed is, that it has nothing upon it representing the corporate seal, but only a scroll near the name with the word " seal " written in it, and that it must therefore be held that such scroll, with the word "seal" in it, is a true copy of all there was representing a seal on the original, and hence that such original, being nothing more than a scroll with the word " seal " written therein, must be taken as the private or individual seal of the clerk, and not the corporate seal of the county or the village.   It is true the statute required that such deed should have affixed thereto the seal of such board, which was thereby declared to be the corporate seal of the county.   Section 51, ch. 22, Laws of 1859; section

1176, R. S. Assuming that these tax·deeds were properly executed, acknowledged· and certified to, so as to become effectual, and that the same were properly recorded, then the statute by its terms made the record of each of such deeds receivable as *prima facie* evidence, without further proof thereof. Section 4156, R. S.; section 31, ch. 86, R. S. 1858. The statute nowhere requires the register to make "a *fac simile* of the original" impression of an official seal, as in case of recording a map. Section 2262, R. S. It fails to give any direction as to how the official seal or the impression of it is to be represented on the record. No one would be so impracticable as to claim that the impression of the seal itself should actually be made upon the record. If not all of it, then just how much shall be omitted and how much copied? Shall it be in the exact form and size of the original, or is it sufficient if it appears from the whole record that the corporate seal was affixed to the original deed? Shall we assume here that the county clerk, in violation of the duty imposed upon him by statute, neglected to affix the seal, especially when the body of the instrument expressly declares that he executed the paper officially, for and in behalf of the county, and affixed the seal of the county board thereto?

One of the purposes of a record is to give constructive notice; and, since it is apparent from the context of each of the records offered that the scroll, with the word "seal" written therein, was intended as a representation of the corporate seal, it would seem to answer the purposes of the recording act. In *Huey v. Van Wie*, 23 Wis., 613, this court has already held, in effect, that the record of a tax deed is sufficient to set the statute of limitations running, notwithstanding the only record of the official seal was, as here, a scroll at the end of the clerk's signature, with the word "seal" inside of it. We have no doubt of the correctness of that decision. Courts often indulge in presumptions in favor of the performance of official duty,

especially, as here, where the record recites that the duty was performed. *Scheiber v. Kaehler*, 49 Wis., 291; *Hartwell v. Root*, 19 Johns., 345; 1 Greenl. Ev., § 38a, and cases there cited. Certainly one of the objects of recording a deed is to give the public notice that the title to the property has passed from the vendor, and thereby prevent others dealing with him as the owner. The deed, of course, should be copied into the record, so that parties may determine its sufficiency and the nature of the estate conveyed. It should, moreover, appear from the record that the deed was under seal; and in case of a tax deed that the corporate seal had been affixed. This, we think, does appear from each of the records in question.

In *Griffin v. Sheffield*, 38 Miss., 359, it was held that "the statute of registration does not contemplate the recording of the impression of a public seal; and hence it is no objection to the admission in evidence of a certified copy of a recorded deed, that a copy of the impression of the official seal of the officer who took the acknowledgment of the grantor does not appear on it, if it be stated in the body of the certificate of acknowledgment that it was certified under such official seal."

In *Smith v. Dall*, 13 Cal., 510, it was held that "the omission, in the record of a deed, to make a copy of the seal, or some mark to indicate the seal, does not vitiate the record," but that it is "enough if it appear from the record that the instrument copied is under seal." To the same effect is *Jones v. Martin*, 16 Cal., 165. Whether we would be justified in going to the extent of these decisions, may be doubtful. It has certainly been held by other courts that "where the record of a deed does not show a copy of the seal as such copies are usually made in records, the presumption is that there was no seal in the original." In the case at bar the record does "show a copy of the seal as such copies are usually made in records," and hence it must be presumed that the corporate seal was upon each of the original deeds in question.

For the reasons stated, we think the tax deeds should have been admitted in evidence. The conclusions reached render it unnecessary to consider the other question discussed.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

