Fogg v. Holcomb.

## FOGG v. HOLCOMB.

| 64 | 621 |
|----|-----|
| 79 | 344 |
| 64 | 621 |
| 85 | 414 |
| 64 | 621 |
| 102 | 135 |
| 64 | 621 |
| 107 | 376 |
| 64 | 621 |
| 113 | 605 |
| 64 | 621 |
| 115 | 362 |
| 64 | 621 |
| 116 | 581 |
| 64 | 621 |
| 139 | 164 |

1. **Acknowledgment:** DEFECTIVE CERTIFICATE: INSTANCE. A certificate of acknowledgment which recited that it was made before the clerk of a county court of the state of Illinois, and which bore the imprint of the seal of said court, but failed to state, and it was not otherwise shown, that said court was a court of record, or that the clerk was the holder of its seal, was defective, under section 1218, Code of 1851, as amended by section 2, chapter 49, Acts of the Fifth General Assembly.

2. ———: ———: CURATIVE ACTS: RECORDING DEED. To make valid the defective acknowledgment of a deed, under section 2, chapter 30, Acts of the Seventh General Assembly, and section 2, chapter 158, Acts of the Twelfth General Assembly, legalizing the acknowledgment of all deeds which had been *duly recorded*, etc., it was not necessary that the record should be a literal copy in every respect of the instrument, but it was essential that it should embody every material part of the instrument, and that the language of the instrument should be so nearly copied into the record as that the subject-matter of the instrument could be identified with certainty by the record. The record in this case, (see opinion,) accordingly, *held* sufficient.

3. **Conveyance:** DESCRIPTION: JUDICIAL NOTICE. The courts of this state will take judicial notice of the county in which land is situated which is described as lying in a certain township and range.

4. **Acknowledgment:** NAME OF OFFICER IN CERTIFICATE. There is no provision of statute requiring the name of an officer who certifies to an acknowledgment to be set out in the body of the certificate.

5. ———: DEFECTIVE CERTIFICATE: LEGALIZING STATUTE: TRANSFER BEFORE ENACTMENT: NOTICE: INNOCENT PURCHASER. Where land was conveyed by a deed defectively acknowledged, but duly recorded, and afterwards an act was passed by the legislature legalizing the acknowledgment; but before the passage of such act the grantor conveyed the same land to another, *held* that, as between the parties, the case was the same as if there had been no acknowledgment certified upon the first deed, but its execution had been proved by parol; and that the second grantee, in the absence of proof that he was an innocent purchaser for value, could not claim title superior to the first grantee. *Nolan v. Grant*, 53 Iowa, 392, followed.

6. ———: ———: INNOCENT PURCHASER BY QUIT-CLAIM. The grantee in a mere quit-claim deed cannot be regarded as an innocent purchaser without notice of the rights of a prior purchaser from the same grantor by a deed defectively acknowledged. *Watson v. Phelps*, 40 Iowa, 482; *Springer v. Bartle*, 46 Id., 688, followed.

7. **Occupying Claimant:** RECOVERY FOR IMPROVEMENTS: REMEDY: PRACTICE. The rights of an occupying claimant of land, who has made

improvements thereon, are defined, and his remedy is set forth, in chapter seven, title thirteen of the Code, and thereunder he cannot set up his claim therefor in an action against him for the possession of the land, but must wait till the question of title is determined against him. *Walton v. Gray*, 29 Iowa, 440, followed.

8. **Taxes:** PAYMENT BY MISTAKE ON ANOTHER'S LAND: RECOVERY. In an action for the recovery of land, where the title is decreed to be in plaintiff, the defendant cannot recover for taxes paid by him on the land prior to the time when the plaintiff acquired his title thereto.

*Appeal from Guthrie Circuit Court.*

THURSDAY, OCTOBER 23.

PLAINTIFF brought this action in equity to quiet his title to three hundred and twenty acres of land. Defendant denied that plaintiff was the owner of the land, and in a cross petition alleged that she was the absolute owner thereof, and prayed that her title thereto be quieted. The judgment of the circuit court was for plaintiff. Defendant appeals.

*A. Hill* and *G. E. McCaughan*, for appellant.

*Fogg & Neal*, for appellee.

REED, J.—The land in question was entered by one Porteus B. Roberts, and the parties each claim title from him. Plaintiff's claim, as shown by the abstract attached to the petition, is that Roberts conveyed the land to Townsend Webster on the twentieth of March, 1856, and that Webster conveyed it to John Comstock on the ninth of January, 1882, and that he conveyed it on the thirty-first of May, 1882, to Charles S. Fogg, who conveyed it to plaintiff on the thirty-first of May, 1882.

Defendant's claim, as shown by the abstract of title attached to her answer, is that Roberts conveyed the land on the tenth of October, 1856, to Benjamin Caren, and that he conveyed it to her on the fourth of January, 1867.

She also alleges that Roberts entered the land as agent for said Caren, and that he held the title in trust for him, and

that Webster, after the conveyance to him from Roberts, conveyed the land to Caren, and that the deed was never recorded, but was accidentally burned and destroyed. But no evidence was introduced in support of these allegations.

I. To establish her title to said land, plaintiff offered in evidence the deeds referred to in her abstract of title, also the record of said deeds. Defendant objected to the deed from Roberts to Webster, on the ground that the execution of the instrument was not acknowledged as required by law. The acknowledgment was made (as shown by the certificate indorsed on the instrument) before the clerk of the county court of Peoria county, Illinois. By the statute in force at the time the instrument purports to have been executed, (Code of 1851, section 1218, as amended by section 2, chapter 49, Acts of the Fifth General Assembly,) instruments affecting real estate in this state, when executed in another state, might be acknowledged before a court of record, or an officer holding the seal of such court. The certificate in question bears the imprint of the seal of said court; but it is not recited in the certificate, nor is it otherwise shown, that said court is a court of record, or that the clerk is the holder of its seal. The certificate of acknowledgment, then, is defective, and, unless it is affected by some of the subsequent legalizing legislation, it is not competent evidence of the execution of said deed.

It was provided by section 2, chapter 30, Acts of 1858, " that the acknowledgments of all deeds * * * taken and certified previous to the taking effect of this act, and which have been duly recorded in the proper counties in this state, be and the same are hereby declared to be legal and valid in all courts of law and equity in this state;" * * * and an act of the same tenor and effect was passed by the legislature in 1868.

It will be observed that, to bring the instrument in question within the provisions of the legalizing statutes, it must have been "duly recorded" before the taking effect of the statutes.

1. ACKNOWL-
EDGMENT:
defective cer-
tificate: in-
stance.

2. ——: ——:
curative act:
recording
deed.

An attempt was made to record it on the twentieth of March, 1856, but the record made at that time is not an exact copy of the instrument, and defendant claims that it was not duly recorded. A comparison of the record with the instrument shows that the recorder in making the record omitted to copy therein one or two lines of that portion of the deed which contains the description of the land conveyed by it. The description in the deed reads as follows: "2 certain tracts or parcels of land situated in Guthrie county, and state of Iowa, and known and described as the east half of section thirteen (13), in township seventy-eight (78) north, and range thirty-two (32) west, containing three hundred and twenty acres," while that in the record reads: "2 certain tracts or parcels of land situated in Guthrie county, and east half of section thirteen (13), in township seventy-eight (78) north, and range thirty-two (32) west, containing three hundred and twenty acres." In other respects the record is a literal copy of the deed. But defendant's claim is that it cannot be determined with certainty, from the language of the two instruments, that the property described by the record is the identical property conveyed by the deed. To constitute the record in question a valid record of the instrument, it is probably not essential that it should be a literal copy in every respect of the instrument. But it certainly is essential that it should embody every material part of the instrument, and that the language of the instrument be so nearly copied into the record as that the subject-matter of the instrument can be identified with certainty by the record; and, tested by this rule, we think the record in question is a valid record of said deed. The language by which the property is described in the record is not only applicable to that described in the deed, but is descriptive, as we think, of no other property. The property is described in both the record and the deed as the east half of section thirteen, in township seventy-eight north, and range thirty-two west. In addition to this, it is described in the record as being situated in Guthrie county, Iowa.

The courts of the state will take judicial notice of the fact that township seventy-eight north, of range thirty-two west of the fifth principal meridian, is situated in Guthrie county.. The description contained in the deed, then, would be expressed with certainty by the language,—the east half of section thirteen, in township seventy-eight north, of range thirty-two west of the fifth principal meridian, or by any other language which is the exact equivalent of that. The words north and west, as applied in the land surveys of the United States to townships and ranges, have certain and well known meanings. The number seventy-eight, and the word north, applied to a township of land, describes a township which is the seventy-eighth in number north of a certain base line or parallel, and the number thirty-two, and the word west, applied to a range, describes a range which is the thirty-second in number west of some one of the meridian lines which have been located by the general government in the surveys of the public lands. By an examination of a map published in 1883 by the commissioner of the general land office, and which shows the surveys of the public lands by the general government, we.have ascertained that the combination-township seventy-eight north, in range thirty-two west, occurs nowhere else except west of the fifth principal meridian. The description contained in the record is, therefore, the exact equivalent of that contained in the deed.

*3. CONVEY-ANCE: description: judicial notice.*

It is next claimed that the deed was not duly recorded, because it was not properly indexed. The evidence shows that the entry which was made in the index at the time the record was made is now in such condition that it is difficult to determine whether it originally described the land as being situated in township seventy-eight or seventy-nine. Expert evidence was taken by plaintiff to prove that the original entry was seventy-eight, and by defendant to show that it was seventy-nine. We do not find it necessary to determine this question, for it is shown that subsequently, in

1864 or 1865, a new index was made, in which the instrument was correctly indexed, and this had the effect to bring the instrument within the operation of the curative act of 1868.

Defendant also objected to the introduction of the deed from Webster to Comstock, on the ground that it was not properly acknowledged.

But it is so clearly shown by the amended abstract, filed by appellee, that this claim is based on a mistake as to the contents of the certificate of acknowledgment which was indorsed on the deed when it was introduced in evidence, that we deem it unnecessary to consider the argument made by appellant on this point.

Objection was also made to the introduction of the deed from Charles S. Fogg to plaintiff, on the ground that "the certificate of acknowledment does not contain the name of the officer before whom the acknowledgment was made." The certificate recites "that on the thirty-first of May, 1882, before me, the undersigned, a notary public in and for said county, personally came," etc. But the name of the notary is not written in the body of the certificate. It is, however, signed by him. Section 1958 of the Code requires that the certificate shall set forth the title of the court or officer before whom the acknowledgment is made. This is done in the certificate in question. But there is no requirement that the name of the officer shall be set out in the body of the certificate.

4. ACKNOWL-
EDGMENT:
name of officer
in certificate.

Each of the deeds was properly admitted in evidence, and they show *prima facie* that plaintiff is vested with the title to the property.

II. As stated above, defendant claims title under conveyances from Roberts to Caren, and from Caren to her. The conveyance from Roberts to Caren was executed subsequently to the one from Roberts to Webster. It was executed, however, before the taking effect of either of said legalizing statutes. It is therefore claimed by defendant that, as her rights

5. ———: de-
fective certifi-
cate : legaliz-
ing statute :
transfer be-
fore enact-
ment: notice:
innocent pur-
chaser.

accrued before the taking effect of the statute, it does not have the effect to validate the conveyance to Webster as against her. But the statute did not have the effect to create any rights as between the parties to the instrument. The defect was in the acknowledgment, and, as between the parties, the conveyance was good, notwithstanding the defect. The statute has the effect only to legalize the certificate, and make it competent evidence of the execution of the deed. The situation of the parties is not different from what it would have been if no certificate of acknowledgment at all had been indorsed on the deed, but its execution by Roberts had been proven by parol. That plaintiff might have so proved its execution when offering it as a muniment of her title, cannot be doubted. And defendant could, in that case, have defeated her title only by proving that either her grantor or herself was an innocent purchaser of the premises for value.

Notwithstanding the fact, then, that the conveyance to Caren was executed before the taking effect of the curative statute, the burden was on defendant to prove that either Caren or herself was an innocent purchaser of the premises for value. *Nolan v. Gray*, 53 Iowa, 392. But she has not done this. There is no evidence at all that Caren paid Roberts any consideration for the conveyance of the land. And, while there is some evidence that she paid Caren a nominal

6. ——: ——: innocent purchaser by quit-claim deed. consideration for it, she holds by a mere quit-claim from him, and she cannot be treated as an innocent purchaser of the land for value. *Watson v. Phelps*, 40 Iowa, 482; *Springer v. Bartle*, 46 Id., 688.

III. Defendant alleges in her cross-petition that she is in possession of the premises, and that she has made certain valuable improvements thereon, and that she and

accounting be had, and that she have judgment for the amount of said taxes and the value of said improvements, and that the same be made a lien on the premises

With reference to the claim for improvements, we deem it sufficient to say that defendant's remedy is under chapter seven, title thirteen, of the Code, and she cannot set up her claim therefor until the question of title is settled. *Walton v. Gray*, 29 Iowa, 440. When final judgment is entered quieting title to the premises in plaintiff, she may proceed in the manner provided in the statute to have this question determined. But she cannot set up the claim to have it determined in the main action.

IV. In *Goodnow v. Moulton*, 51 Iowa, 555, it is held that one who, while making an honest claim to be the owner

8. TAXES: pay-
ment by mis-
take on an-
other's land:
recovery.

of real estate, pays the taxes thereon, and it is afterwards determined that the title is in another, is entitled to be reimbursed for such expenditure by the owner of the premises. The ground of the holding is that, as the owner of the premises is bound to pay the taxes, and as the payment is made in good faith, the law will infer a previous request by the owner, and a promise by him to refund the amount will be implied. But in this case defendant has paid no tax since plaintiff became the owner of the premises, but other parties owned it when the payments were made.

It may be that she has a valid claim against these parties for the amount of the payments, but it is very clear that plaintiff is not liable therefor. The judgment of the circuit court is

AFFIRMED.