HILES, RESPONDENT, vs. ATLEE and another, Appellants.

*March 8 — April 3, 1895.*

(1) *Wills: Conveyance by residuary devisee.* (2) *Tax titles: Redemption: Record: Representation of seal.*

1. Under sec. 2278, R. S., a residuary devisee takes at once, upon the death of the testator, all his right, title, and interest in lands not

otherwise disposed of, subject to the payment of debts and legacies, and a conveyance by such devisee vests title in the grantee.

2. In the absence of anything on the record to represent the seal of the county, a tax deed is not so recorded as to bar redemption under sec. 1165, R. S.

APPEAL from a judgment of the circuit court for Wood county: CHARLES M. WEBB, Circuit Judge. *Affirmed.*

This is an action of ejectment commenced June 3, 1889, to recover eighty acres of land. The complaint is in the statutory form, and also claims $5,000 damages for the cutting and removing from the lands 1,000,000 feet of lumber, board measure, during the winter of 1886–87, by the defendants, and the conversion of the same to their own use. The answer admits the cutting and removal from the premises of 410,000 feet by the defendants, of the value of $1,000, but otherwise denies each and every allegation of the complaint. The defendants also alleged title in themselves by virtue of certain mesne conveyances under a tax deed based upon the assessment of 1871 and sale of September 3, 1872, from the state and Wood county to Hyde and Pitts, dated December 1, 1876, and recorded December 14, 1876.

At the close of the trial the court found as matters of fact, in effect: (2) That November 10, 1869, the county board of Wood county duly passed and adopted a resolution authorizing the clerk of such board to sell and convey to persons purchasing the same, any and all tracts of land which the county then had or might thereafter have a tax deed of, and upon such sale to issue and deliver to the purchaser a deed of release and quitclaim of such lands; (1) that October 5, 1870, the eighty acres of land described in the complaint were conveyed by Wood county and the state to Wood county by tax deed issued on the sales of September 3, 1867, for the taxes of 1866, and said tax deed was recorded October 7, 1870; (3) that January 15, 1872, Wood county duly sold and conveyed said lands to Weston, Miner,

and Kingston, and duly executed and delivered to them a deed of release and quitclaim thereof, which deed was dated January 15, 1872, and was upon that day duly recorded; (4) that January 7, 1874, said lands were conveyed by the state and Wood county to said Weston, Miner, and Kingston by tax deed issued on the sale of September 6, 1870, for the taxes of 1869, and said tax deed was duly recorded January 10, 1874; (5) that the plaintiff has acquired, by various mesne conveyances, all of the title so as aforesaid granted and conveyed to Weston, Miner, and Kingston, and was at the time of the commencement of this action, and now is, the owner in fee and entitled to the possession of said lands; (6) that November 1, 1859, said lands were conveyed and patented by the United States to one Joseph Turner, and that this plaintiff has acquired by various mesne conveyances and is now the owner of the title so conveyed to said Turner; (7) that December 1, 1876, the county clerk of Wood county executed a tax deed upon said lands in the name of the state and Wood county, based on the sale thereof of September 3, 1872, for the taxes of 1871, to Hyde and Pitts, but that said tax deed was not recorded in the office of the register of deeds of Wood county, and that November 20, 1888, the plaintiff redeemed said lands from said tax sale of September 3, 1872, paying the taxes of 1871, paying therefor to the county clerk of said county the sum of $67.96; (8) that the defendants and those under whom they claim title based upon said unrecorded tax deed have paid the taxes levied and assessed against said lands, or redeemed the same from the sales thereof for the years 1877 to 1887, inclusive, and own and hold the tax certificates on the sales thereof in the years 1876 and 1877, for the taxes assessed thereon for the years 1875 and 1876, and that the amount so paid was $153.05, and that the same, with lawful interest thereon to March 29, 1894, makes the total amount of $621.04 as setoff which the defendants are entitled to, pur-

suant to sec. 3087, R. S., and it is ordered accordingly; (9) that said tracts of land were and always have been wild and unoccupied except by the defendants, and by them only during the time they were engaged in cutting and removing the timber therefrom, and that the defendants do and did, at the time of the commencement of this action, claim title to and unlawfully withhold the possession of said lands from the plaintiff, to his damage in the sum of six cents; (10) that during the winter of 1886–7 the defendants committed great waste and damage on said lands by cutting and removing therefrom and converting to their own use 1,000,000 feet board measure of pine timber, which was at the time of said cutting and removal of the value of $3.50 per thousand feet board measure, amounting altogether to the sum of $3,500; (11) that all the material facts alleged in the complaint have been satisfactorily proven and are substantially true.

And as conclusions of law the court found, in effect, that the plaintiff is entitled to judgment for the possession of said lands, together with six cents damages, and also for the sum of $3,500 for waste and damage committed as so found, together with interest thereon at seven per cent. since April 1, 1887, less the amount of offset allowed to the defendants for taxes and interest as so found; that the plaintiff is entitled to have and recover of the defendants his costs and disbursements herein to be taxed, and to have judgment entered in accordance with such findings.

From the judgment entered accordingly the defendants appeal.

For the appellants there was a brief signed by *Losey & Woodward,* attorneys, and *Gardner & Gaynor* and *Moses Hooper,* of counsel, a separate brief by *Hooper & Hooper,* and a supplemental brief by *Losey & Woodward;* and the cause was argued orally by *Moses Hooper* and *G. M. Woodward.* They contended, *inter alia,* that it is universally held, especially in the case of official deeds, that when the

record contains a recital that the proper seal has been affixed it shows sufficiently for the purpose of notice that the deed is sealed; and this principle of decision has been adopted and recognized by this court in language more emphatic than has been used by any other court. It is true that this was not a question of the validity of a record, but of the sufficiency of the copy of a tax deed set out in the complaint. The copy containing the certificate of the clerk that he had affixed the seal of the county board was held to be as good, if not better, evidence of the fact that the original was properly sealed than the addition of " L. S." or " Seal." *Dolan v. Trelevan*, 31 Wis. 147, 150. The record of the deed under which the defendants claim is in the statutory form and contains the statutory certificate that the clerk has affixed thereto the seal of the county board on the day of the date of the deed. It is not then apparent why any person seeing the record of this deed in the volume produced containing this certificate of the clerk that the seal of the county board was attached, should not be held bound by the same presumption which bound the court in the last case cited. None of the cases usually cited as authority for the proposition that a mistake or omission in the record *in extenso* invalidates it (mentioned in 22 Wis. 146, and 37 id. 465) turn upon the omission of the seal from the record, but all upon matters in respect to which the face of the record *in extenso* furnished no statement and raised no presumption. In England the rule is without exception that the attesting clause, uncontradicted, even in cases where the seal is not found on the deed itself, is *prima facie* evidence of the sealing. Stephen, Ev. art. 87; *In re Sandilands*, L. R. 6 C. P. 411; Taylor, Ev. § 149, and cases cited. In this country the same principle has been followed in all cases found. In respect to certified copies of official records of deeds of public officers offered in evidence: *Hedden v. Overton*, 4 Bibb, 406; *Sneed v. Ward*, 5 Dana, 187; *Macey v. Stark*, 116 Mo.

481; *Williams v. Sheldon,* 10 Wend. 654.   Cases arising upon
the recording of private deeds: *Smith v. Dall,* 13 Cal. 510;
*La Franc v. Richmond,* 5 Sawyer, 603; *Starkweather v. Martin,* 28 Mich. 471; *Todd v. Union D. S. Inst.* 20 Abb. N. C.
277.   Deed of corporation requiring corporate seal: *Heath
v. Big Falls C. Mills,* 20 S. E. Rep. 369.   Sheriff's deeds required by statute to be made under seal: *Flowery M. Co. v.
North Bonanza M. Co.* 16 Nev. 302; *McCoy v. Cassidy,* 96
Mo. 429.   In Minnesota tax deeds are made by the sheriff,
and the law requires the certificate to be under his hand and
seal.   So executed they can be recorded and have the force
of deeds.   It is there held that the record was not invalidated by reason of the omission to indicate the seal.   *Beardsley v. Day,* 52 Minn. 451.   See, also, 1 Devlin, Deeds, § 700;
Webb, Record of Title, § 150.   The rule is universal in
states where the law requires the certificate of acknowledgment to be attested by the seal of the notary public that
the recital in the certificate that the seal has been attached
dispenses with the necessity of denoting the seal upon the
record.   Martindale, Conveyancing, § 290; Webb, Record
of Title, § 150; 1 Devlin, Deeds, § 700.

The deed of a residuary devisee does not show devolution
of testator's title, in absence of any proof of settlement or
distribution of estate or payment of debts or legacies.   R. S.
secs. 3793, 3796, 3863, 3892.

For the respondent there was a brief by *Geo. L. Williams,*
attorney, and *C. O. Baker,* of counsel, and oral argument by
*Mr. Williams.*

CASSODAY, J.   The question on the former appeal was
whether the nonsuit was properly granted for want of
proper evidence of title in the plaintiff.   80 Wis. 219.   The
objection now raised to the plaintiff's title is to the effect
that the original title found to have been acquired by the
plaintiff must be deemed to have been divested by the tax

Hiles vs. Atlee and another.

title acquired by Weston, Miner, and Kingston; that Weston died prior to the time when the plaintiff acquired that title; that Weston's will was admitted to probate, January 3, 1888; that, after providing for the payment of debts and specific legacies of personalty and money, the deceased, by his will, gave, granted, bequeathed, and devised to his wife, Elizabeth Weston, and to her heirs and assigns forever, the remainder and residue of all his property, both real and personal, wherever situated, of which he died seised, and also therein appointed his said wife and his daughter, Emma, executrices of his said will, and thereby authorized and empowered them, among other things, to sell and convey real estate, and dispose of or exchange any property for the interest of the estate; that the deed from Miner and Kingston and their wives and the said Elizabeth Weston to the plaintiff, executed October 12, 1888, and recorded October 13, 1888, did not convey Weston's one-third interest in the lands.

Our statute provides that "every devise of land in any will shall be construed to convey all the estate of the devisor therein which he could lawfully devise, unless it shall clearly appear by the will that the devisor intended to convey a less estate." R. S. sec. 2278. Under this statute and the decisions of this court it is very obvious that the widow, as such residuary devisee, took at once, on the death of the testator, all of his right, title, and interest in the land in question, subject of course to the payment of his debts and the specific legacies provided for in the will. *In re Estate of Pierce,* 56 Wis. 560; *Newman v. Waterman,* 63 Wis. 616; *Scott v. West,* 63 Wis. 570; *Prickett · v. Muck,* 74 Wis. 205; *Baker v. McLeod's Estate,* 79 Wis. 534. It follows that, unless the defendants had acquired the paramount title to the land as contended, the trial court properly held that the plaintiff was entitled to recover the land and the value of the timber which the defendants had taken therefrom. *Webber v. Quaw,* 46 Wis. 118.

The defendants claim title to the land and the timber removed therefrom under and by virtue of the tax deed to Hyde and Pitts, dated December 1, 1876, and issued on the tax sale of September 3, 1872, as found by the court and mentioned in the foregoing statement. It is conceded that that deed was properly executed by the county clerk of Wood county, who thereunto subscribed his name officially, and affixed the seal of the county board of supervisors of said county thereto, in the presence of two witnesses, who subscribed their names thereto as such; that the said clerk at the same time duly acknowledged, before a notary public of said county, that he had voluntarily executed said deed, as such clerk, for the uses and purposes therein mentioned; that said notary thereupon properly certified such acknowledgment so as to entitle said deed to be recorded; that December 14, 1876, said deed was presented to the register's office for record; that the register of the county thereupon indorsed upon said deed the following, to wit: "Register's Office, Wood Co., Wis. Received for record the fourteenth day of December, A. D. 1876, at 10 o'clock A. M., and recorded in Book Q of Deeds, on page 103. W. T. KING, Register." It is further conceded that said deed was thereupon properly and accurately copied into the appropriate record book, except that the official seal of the board of supervisors of said county affixed to said deed was not copied therein, and that there was nothing in said record book to indicate that such official seal or any seal of said county or said clerk had ever been affixed to said deed, other than the recital in the deed, as already mentioned. By reason of such absence from the record of anything to represent such official seal, the trial court held that such deed was not recorded, within the meaning of the statute which declares, in effect, that the owner or occupant of any land sold for taxes "may, in like manner, redeem any such lands, or any part thereof or interest therein, *at any time before* the tax deed

executed upon such sale *is recorded,* and *when so redeemed such deed shall be void.*" R. S. sec. 1165. Accordingly, the trial court found that November 20, 1888, the plaintiff redeemed said lands from the tax sale of September 3, 1872, upon which said tax deed was issued, paying therefor to the county clerk the sum of $67.96, and taking his receipt therefor, which is in evidence, and which states, in effect, that the plaintiff claimed such right to redeem by reason of the absence of such seal.

The county clerk, as such, was only authorized to execute a tax deed in the name of the state and of his county, "under his hand and the seal of the county." R. S. sec. 1176; *Woodman v. Clapp,* 21 Wis. 355. The recital in the deed that the county clerk affixed the seal of the county board of supervisors of the county must be regarded as equivalent to and in effect a recital that he executed the deed " under his hand and the seal of the county," as prescribed by the statute. *Putney v. Cutler,* 54 Wis. 66; *Dreutzer v. Smith,* 56 Wis. 292; *Bulger v. Moore,* 67 Wis. 430; *Brown v. Cohn,* 85 Wis. 1. The precise question presented, therefore, is whether such absence from the record of anything to represent such official seal was such a defect in the record as to authorize the plaintiff to so redeem.

" The statute nowhere requires the register to make ' a *fac simile* of the original ' impression of an official seal, as in case of recording a map. Sec. 2262, R. S." *Putney v. Cutler,* 54 Wis. 69. "It fails to give any direction, as to how the official seal or the impression of it is to be represented on the record. No one would be so impracticable as to claim that the impression of the seal itself should be made upon the record." *Ibid.* This court has repeatedly held that a scroll, with the word "Seal" written therein, was a sufficient representation of the corporate seal to satisfy the recording act. *Huey v. Van Wie,* 23 Wis. 613; *Putney v. Cutler,* 54 Wis. 66; *Brown v. Cohn,* 85 Wis. 1. There was

no difficulty , therefore, in making the record of the deed represent that "the seal of the county" was affixed. But no such representation was made; and the question is whether the record, without such representation, barred the right of redemption.

As aptly stated by the learned trial judge: "If the recording officer may omit to note upon the record of a tax deed a copy of the seal, or some equivalent representation thereof, as evidence that the deed was in fact sealed, why may the register not also omit the signature of the county clerk who executed the deed? One is as necessary as the other to a valid tax deed, and, in the case at bar, both are properly vouched for as being present by the attestation clause, as shown by the record. It will.hardly be claimed that the record would be valid for any purpose if a copy of the clerk's official signature were omitted therefrom. It is difficult to see any substantial reason for excusing the absence from the record of a representation of the seal which would not be equally applicable to a like absence of a copy of the clerk's signature." This court has repeatedly held that the statutes authorizing the original owner to redeem from tax sales are to be liberally construed. *Jones v. Collins*, 16 Wis. 594; *Karr v. Washburn*, 56 Wis. 303; *Lander v. Bromley*, 79 Wis. 378; *Begole v. Hazzard*, 81 Wis. 274, 278. To the same effect is *Barrett v. Holmes*, 102 U. S. 657. To bar the original owner from redeeming from a tax sale, there must not only be a tax deed, valid upon its face, but such deed must be recorded. Where such deed is void upon its face, or where it appears from such record that the deed is void upon its face, there can be no such bar; and this must be so whether such record is a correct transcript of a deed void upon its face, or a false transcript of a deed valid upon its face. In other words, to make the record of a tax deed operate as such bar, it must appear therefrom that it is the record of a tax deed valid upon its face. *Lander v. Bromley*,

79 Wis. 376, 377. The substantial requirements of the stat-
utes must appear from the record itself. Even where a tax
deed valid upon its face is delivered to the register for rec-
ord, and by him correctly recorded at length in the record
book, yet it is not to be considered as recorded until the
proper entries thereof are made in the general index re-
quired to be kept by the register. *Ibid.* "In other words,.
it is not only essential that there should be a record of a tax
deed, valid upon its face, but the requisite index to such rec-
ord. The false statement in this record is of such a char-
acter that it was not and could not be helped out by the
index." *Ibid.* In *Wood v. Meyer*, 36 Wis. 313, the original
tax deed under which the defendant claimed title was not
offered in evidence, but the record of it was put in evidence.
From that record it appeared that there was only one wit-
ness to the deed, and it was held that the deed so executed
was not entitled to record, and that such record was not ad-
missible in evidence and hence was properly excluded. The
same rule has been applied to the record of a deed executed
by a private party, from which it appeared that there was.
no witness or only one witness. *Gilbert v. Jess*, 31 Wis. 110 ;.
*Pringle v. Dunn*, 37 Wis. 449. The absence from the record
of any representation of such official seal is certainly as ob-
jectionable and fatal as the omission therefrom of the name
of a witness would have been. It may be that a different
rule has been applied in some other jurisdictions; but it is
very important that the law respecting real estate should be
steadily adhered to, and so we must hold that the tax deed
in question was not recorded so as to bar the redemption
under sec. 1165, R. S.

*By the Court.*— The judgment of the circuit court is af-
firmed.