LAUGHLIN, Respondent, vs. KIEPER, imp., Appellant.

*April 10—May 2, 1905.*

*Tax deeds: Attestation: Description of county seal: Equivalent term:*
*Acknowledgment of tax deed: Recording: Immaterial variance:*
*between record and tax deed.*

1. The language in the attesting clause of a tax deed, as to the seal affixed, that it was the "seal of the county board of supervisors," is the equivalent of the statutory words "seal of the county," and the irregularity, if any, is immaterial.

2. In the execution of a tax deed the seal impressed thereon was named in the seal itself as "the seal of the county clerk." The statute does not prescribe any form therefor. The impression on the deed was in the proper place for the county seal and had every appearance of having been made as such. *Held,* that all reasonable presumptions should be indulged to support the deed, and, if the seal adopted by the county contained such words, it was the county seal, although the use of the words "seal of the county clerk" was not very appropriate.

3. There being no special statutory form for the acknowledgment of tax deeds (sec. 1176, Stats. 1898, merely providing that the county clerk, as part of his duty in the execution of tax deeds, shall acknowledge the same), the general statutory requirement as to acknowledgments applies.

4. Sec. 2217, Stats. 1898 (providing a form for acknowledgment of instruments), does not require that the party executing the deed shall, in set words, acknowledge that he executed it; hence an acknowledgment appended to a tax deed: "Personally came before me, C. S. H., county clerk," etc., "to me known to be the person who executed the foregoing instrument, and acknowledged that the same was executed," etc., by necessary implication affirms that the clerk who made the acknowledgment himself executed the deed.

5. Where the record of a tax deed, though not a literal, is a substantial copy of the original, and the defect in the record is not such as in any reasonable probability would mislead any one of ordinary prudence and intelligence, the variance will be treated as immaterial and as not affecting the purposes of the record.

6. Where the record of a tax deed showed a scroll seal, which had been erased by drawing lines through it at some time after the completion of the record, the scroll seal on the record, in connection with the declaration in the attesting clause that the original was sealed properly, is sufficient, there being no requirement that the seal impressed upon the deed shall be exactly copied into the record.

APPEAL from a judgment of the circuit court for Florence county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Action in ejectment. The issues litigated concerned whether plaintiff was the owner of the land in dispute under the patent title without efficient interference by a tax-deed title; and also the owner thereof under such a deed acquired at first by Margaret McHale in 1885; and whether his claim of title was subordinate to a tax deed acquired by one Gaiser July 7, 1897, duly recorded, and mesne conveyances made before the commencement of the action vesting the title under such deed in defendant, *Ottelie Kieper.* She pleaded the making and recording of the Gaiser tax deed, the acquirement of title by her thereunder, and the perfection thereof as regards irregularities occurring before the making of such deed by the statute of limitations, sec. 1188, Stats. 1898. The facts in that regard were fully established on the trial in her favor, unless the tax deed was void on its face, or the same

was not properly recorded so as to set the statute of limitations running. The defects claimed to exist in the deed and record thereof are stated in the court's findings, in effect, as follows: The concluding portion of the deed is in these words: "And affixed the seal of the said *county board of supervisors* at Florence in said county of Florence this 7th day of July, A. D. 1897." In lieu thereof in the record are these words: "And affixed the *seal of said county of Florence,* at my office in said county of Florence, this 7th day of July in the year of our Lord one thousand eight hundred and ninety-seven." The signature to the deed was in this form: "C. S. Hopkins, County Clerk of Florence County," and in connection therewith were the words inclosed "County Clerk of Florence County, Wisconsin," followed by the word "Seal." The signature in the record was in this form: "C. S. Hopkins, County Clerk of Florence County, Wis." The acknowledgment was in these words: "Be it remembered, that on the 7th day of July, A. D. 1897, on behalf of Florence county and the state of Wisconsin, personally came before me, C. S. Hopkins, county clerk of the county of Florence, to me known to be the person so described in, and who executed the foregoing instrument, and acknowledged that the same was executed freely and voluntarily for the uses and purposes therein mentioned." The record was as follows: "Be it remembered, that on this, the 7th day of July, A. D. 1897, before me personally came the above named C. S. Hopkins, county clerk of Florence county, to me known to be the person who executed the above deed, and acknowledged the execution thereof by him as such county clerk, for the uses and purposes therein mentioned." Though the findings make no mention of the matter it was conclusively shown by evidence that in connection with the record of the signature to the deed there was a scroll seal with three ink lines drawn by a pen across the same, and that the erasure was made by a person other than the register of deeds after the date of the record.

On such findings and others to the effect that plaintiff was the owner of the premises in controversy and entitled to recover the same, subject to whatever rights defendant *Kieper* had under the Gaiser tax deed, the court held that by reason. of defects in such deed appearing upon the face thereof and. in the record of the same, defects shown by the evidence in: the proceedings prior to the issuance of the deed, rendering it void, unless cured by the statute of limitations, were not so cured, and that plaintiff was entitled to the relief prayed for, subject to such protection as defendant *Kieper* was by law entitled to, as to taxes paid by her and interest thereon, and permanent improvements upon the land, she being required to account for the value of the use thereof during her occupancy.    The value of such use was assessed at $675, and. the amount of taxes and interest and permanent improvements was fixed at $703.30.    Judgment was awarded accordingly, with costs against defendant *Kieper,* from which this appeal was taken.

For the appellant there were briefs by *Eastman & Martineau,* and oral argument by *E. C. Eastman.*

For the respondent there was a brief by *A. W. Shelton,* attorney, and *Max Sells,* of counsel, and oral argument by *Mr. Shelton.*

MARSHALL, J.    A conclusion has been reached without considering any question discussed by counsel other than such as concern the tax deed under which appellant claims title.

It is contended that the attesting clause of the Gaiser tax. deed is defective because the recital as to the seal affixed thereto is in these words: "Seal of the county board of supervisors," instead of words describing the seal as the county seal.    True by subd. 8, sec. 669, Stats. 1898, the only seal for the authentication of instruments officially executed by the county clerk at the time of the execution of the deed in:

·question was the "seal of the county;" that the county board of supervisors of the county, as a corporate body, had no seal, and sec. 1176, Stats. 1898, expressly provided, as to tax ·deeds, for their execution under the "seal of the county," but it is settled law that strict accuracy in the words of a tax ·deed is not necessary. A form is prescribed, and it is provided that a deed in substantially such or an equivalent form shall be sufficient. Sec. 1178, Stats. 1898; *Hunt v. Stinson,* 101 Wis. 556, 77 N. W. 901. So if the term used in the deed in question was substantially the same as the one that ·should have been used it is a fair equivalent therefor, and the irregularity is not material.

The name of the seal formerly used by a county clerk in .authenticating his official acts, and the only county seal, was known as the seal of the county board of supervisors. The legislature, in effect, gave thereto a new name, viz.: "The seal of the county." When the old name is used no one is misled thereby. It suggests at once to every person of reasonable intelligence in respect to public matters, that it stands for the "seal of the county." The new and old terms are really equivalents and it has been so repeatedly held in each of several instances where the irregular use of the old form was relied upon to defeat a tax deed. *Hiles v. Atlee,* ·90 Wis. 72, 62 N. W. 940; *Putney v. Cutler,* 54 Wis. 66, 11 N. W. 437; *Dreutzer v. Smith,* 56 Wis. 292, 14 N. W. 465; *Bulger v. Moore,* 67 Wis. 430, 30 N. W. 713; *Brown v. Cohn,* 85 Wis. 1, 54 N. W. 1101.

The seal impressed on the deed was named in the seal itself as "the seal of the county clerk." The statute does not provide any form therefor. That is left entirely to the ·county boards. If the seal adopted in any case includes the ·words "seal of the county clerk" it is the county seal just the ·same, though the use of such a ·designation would not be very appropriate. The impression on the deed here is in the proper place for the county seal and has every appearance of

having been made as such.    All reasonable presumptions are to be indulged in which will support the instrument, instead of turning to others for the purpose of defeating it.    *Hunt v. Stinson, supra.*    The criticisms mentioned in the brief of counsel on this point are plainly ruled in favor of appellant by *Brown v. Cohn, supra.*

It is suggested that the acknowledgment of the deed is faulty, in that the county clerk did not therein expressly affirm that he executed the deed, using the term "acknowledged that the same was executed," etc., in lieu of the term "acknowledged the execution thereof by him," etc.    There is no special statutory form for the acknowledgment of tax deeds.    The statute merely provides, sec. 1176, that the county clerk, as a part of his duty in the execution of a tax deed, shall acknowledge the same.    The statutory requirement as to acknowledgments generally applies.    Sec. 2217, Stats. 1898.    That does not require that the party executing the deed shall in set words acknowledge that he executed it. The language of the form is: "Personally came before me . . . the above (or within) named A. B. . . . to me known to be the person who executed the foregoing . . . instrument and acknowledged the same,"—the words "to have been executed by him" being a part thereof by necessary implication.    It will readily be seen that the form of the acknowledgment in question is a full equivalent for the statutory form.    That is enough since it is expressly provided that any acknowledgment substantially in the statutory form is proper.    The language of the acknowledgment, "personally came before me, C. S. Hopkins, county clerk," etc., "to me known to be the person so described in, and who executed the foregoing instrument, and acknowledged that the same was executed," etc., by necessary implication affirms that the execution was made by such clerk.    Acknowledgments quite similar to the one in question have been repeatedly sustained. *Milledge v. Coleman,* 47 Wis. 184, 188, 2 N. W. 77; *Schei-*

*ber v. Kaehler,* 49 Wis. 291, 5 N. W. 817. In *Milledge v. Coleman, supra,* the court speaking on the precise point under consideration said:

"The criticism upon the acknowledgment is, that it does not show that the clerk, Grumert, acknowledged that the deed was executed by him. It seems to us that the objection is hypercritical. The officer before whom the acknowledgment was taken certifies that the clerk of the board (naming him) came personally before him, 'to me known to be the person so described in the foregoing instrument, and acknowledged that the same was executed freely and voluntarily, for the uses and purposes therein mentioned.'"

The language plainly implies that the clerk who made the acknowledgment himself executed the deed. The deed seems to be entirely free from any defect.

Our attention is called to the fact that the record of the attesting clause of the deed varies from the original, in that in the former the words "seal of said county of Florence, at my office in said county of Florence, this 7th day of July, in the year of our Lord one thousand eight hundred and ninety-seven," are substituted for the words "the seal of the said county board of supervisors at Florence in said county of Florence this 7th day of July, A. D. 1897." From what has been said there is no escaping the conclusion that the record, though not a literal, is a substantial copy of the original. If the language of the deed was that of the record, the instrument would be valid. The defect in the record is not such as in any reasonable probability to mislead any one of ordinary prudence and intelligence, and since such a record to be valid need not be a literal copy of the original, the variance in question is immaterial. The same will apply to the variance, indicated in the statement, between the record of the acknowledgment and the original. One is equivalent to the other. The variance is one of the class commonly spoken of as mere blunders, not affecting in the slightest degree the purposes of the record, because not such as to mislead, and so are in-

consequential. *St. Croix L. & L. Co. v. Ritchie,* 73 Wis. 409, 41 N. W. 345, 1064; *Lander v. Bromley,* 79 Wis. 372, 48 N. W. 594; *Jenny v. Zehnder,* 101 Pa. St. 296; *Royster v. Lane,* 118 N. C. 156, 24 S. E. 796; *Fogg v. Holcomb,* 64 Iowa, 621, 21 N. W. 111. In the *St. Croix L. & L. Co. Case,* where a tax deed was involved, this court said that a mistake in the record of a deed, not affecting the identity of the instrument and which would not mislead any person of average intelligence, is to be disregarded as not affecting the validity of the record. In *Fogg v. Holcomb, supra,* where two lines of the description of the land in the original were omitted from the record, the record was sustained because the identity of the instrument from which it was made was unmistakable, and all the material parts of the instrument were copied with substantial accuracy. The true doctrine doubtless is that a record of a deed to be valid must be a substantial copy thereof, and so near a literal copy of the same as to point out to a person of ordinary intelligence upon a reasonably careful inspection the subject matter and substance thereof.

The fact that the record at the time it was offered in evidence showed only a scroll seal, which had been erased—in view of the fact established beyond controversy that the erasure was made after the completion of the record,—does not affect the validity thereof. It must be considered as it was when made. There being no requirement that the seal impressed upon the deed shall be exactly copied into the record, the scroll seal on the record in connection with the declaration in the attesting clause that the original was sealed properly, is sufficient. That is distinctly ruled in *Hiles v. Atlee,* 90 Wis. 72, 62 N. W. 940, in this court.

The foregoing is in harmony with *Lander v. Bromley, supra,* relied upon by counsel for respondent. It was there held that a substantial record of a tax deed is sufficient for all purposes.

The foregoing covers all questions in regard to the Gaiser tax deed and the record thereof which seem to be worthy of notice. There was no fatal defect in the deed or in the record thereof. The statute of limitations had fully run in favor of the instrument before the commencement of this action. Therefore, the title of the appellant was perfect by virtue thereof, and judgment should have been rendered accordingly.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to render judgment in accordance with this opinion.