Wash, J.,
delivered the opinion of the Court.
This was an action commenced in the Circuit Court (under the petition and summons, act. Rev. Code 620,) by Reynolds the defendant in error, against Boynton the plaintiff in error. The petition states that he, Reynolds, holds “ a sealed note on the defendant Lewis H. Boynton, in substance as followeth: In one year we promise to John Reynolds three hundred dollars for value received this 1st July, 1828. Morris Whiteside, (seal.) Jacob Judah, (seal.) L. H. Boynton, (seal.) Yet the said debt remains unpaid, wherefore he prays judgment for his debt and damages, &c." The defendant below pleaded nil debet, and a special and general plea of fraud. The plaintiff below demurred to the plea of nil debet and joined issue on the pleas of fraud. The demurrer was sustained to the plea of nil debet, and the issues of fact were found for the plaintiff, and judgment rendered accordingly. To reverse which the present writ of error is prosecuted.
The only error assigned, is the rendition of the judgment on demurrer, to the plea of nil debet. No law is better settled than that the plea of nil debet, in an action of debt on a specialty, will be held bad on demurrer. It is not to be doubted but that this is an action of debt, under the provisions of the act referred to s but it is *58 insisted by the counsel for the plaintiff in error, that the instrument sued on is not a specialty or note under seal. The act requires that a copy of the bond or note sued on should be set out in the petition, and that the original should be deposited in the Clerk’s office, &c. The copy of the note sued on appears upon the record in the form above set out. The plaintiff states it to be a sealed note, and whether the representation of the seal, as given on the record, be the fac simile of a mere scrawl attached to the note, or a scrawl standing in the place of a seal, impressed on wax or other tenacious substance, does not appear. Had the note been actually sealed, a copy of the seal could not have been given in any other manner; whilst on the other hand, had it been executed with a mere scrawl, not by way of seal, the defendant might have craved oyer and demurrer, thereby bringing it to the inspection of the Court, and obtaining a decision of the mixed question of law and fact, whether sealed or not. The case of Cartmill v. Hopkins, 2 vol. Missouri Decisions, p. 220, has been cited and relied on by the counsel for the plaintiff in error. The expressions used in that decision are to be understood with reference to the subject matter. The question there was, whether a mere scrawl appended to the name, without some words in the body or testimonium of the note, to evidence that it was placed there by way of seal, could be regarded as such ; and the Court decided that it could not. The Court in that case say, that the doctrine in Virginia on a statute similar to our own, in regard to scrawls, seems to us the true doctrine. The maker of an instrument, (meaning clearly an instrument with a scrawl,) should show by some expression in the body or testimonium of the instrument itself, that he intended it to be considered and taken as a specialty. They did not and could not have intended to decide (as has been urged) that an instrument, with a seal formally and solemnly impressed on wax or other tenacious substance, would not be a good bond or specialty.
The judgment of the Circuit Court is therefore affirmed, with costs.