Bemis vs. Weege and others.

Bemis, Appellant, vs. Weege and others, Respondents.

*November 23 — December 14, 1886.*

*Tax deed to county: Conveyance by county: Presumption of authority of county clerk.*

1. A tax deed executed by a county clerk to the county is presumptive evidence that such clerk was authorized to execute the same by resolution of the county board, under sec. 1194, R. S.

2. The real estate of a county can be conveyed only in pursuance of authority given by the county board (sec. 653, R. S.), and a deed executed by the county clerk is not presumptive evidence of such authority.

APPEAL from the Circuit Court for *Waupaca* County. The case is thus stated by Mr. Justice Cassoday:

"The plaintiff in this action of ejectment, commenced January 30, 1883, claims title to the lands described under and by virtue of a tax deed from the state of Wisconsin and county of Waupaca, to Waupaca county, executed May 19, 1877, recorded June 8, 1877, upon a tax certificate issued May 14, 1872, for the unpaid taxes of 1871; and also a

quitclaim deed from Waupaca county to the plaintiff, executed and recorded May 13, 1878; also a quitclaim deed from the plaintiff to one Olson, March 11, 1879, and a quitclaim deed from Olson to the plaintiff, May 26, 1879. In his complaint he also claimed the protection and benefit of the following statutes of limitation: Ch. 334, Laws of 1878; R. S. secs. 1210*d*, 1210*e;* ch. 309, Laws of 1880; ch. 250, Laws of 1882,— and alleged that defendants were in possession, and unlawfully withheld the same from the plaintiff, to his damage $500. The defendants answered by way of admissions and denials, and insisted upon the limitation of sec. 1210*d*, R. S., in their favor. Notice of *lis pendens* was filed January 26, 1883, and again February 7, 1884. Upon the trial the plaintiff offered in evidence the several deeds mentioned, which were received under objection, and rested. Thereupon the defendants moved for a nonsuit, which was granted. From the judgment entered thereon the plaintiff appeals."

For the appellant the cause was submitted on the brief of *Reed & Lines.*

For the respondents there was a brief by *Cate, Jones & Sanborn,* and oral argument by *Mr. Jones.*

CASSODAY, J. " When any lands upon which the county holds a tax certificate shall not be redeemed as provided by law, the county clerk shall execute to the county, in his name of office, a deed therefor, witnessed, sealed, and acknowledged and in like form as deeds to individuals; and such deeds shall have the same force and effect as deeds executed by such clerk to individuals for lands sold for the nonpayment of taxes, but no such deed shall be issued until the county board shall, by resolution, order the same." Sec. 1194, R. S. (sec. 11, ch. 22, Laws of 1859). "Such deed, duly witnessed and acknowledged, shall be presumptive evidence of the regularity of *all the proceedings,*

*from the valuation* of the land by the assessor *up to and including the execution of the deed,* and may be recorded with like effect as other conveyances of land." Sec. 1176, R. S. (sec. 25, ch. 22, Laws of 1859); *Hewitt v. Week,* 59 Wis. 447. Such tax deed to an individual, being presumptive evidence of the regularity of all proceedings up to and including the execution of the deed, necessarily includes the authority of the clerk to so execute the deed. This being so, a tax deed from the state and county to the county must have " the same force and effect," for it is so stated in sec. 1194, *supra;* and hence such presumptive evidence must include the authority of such clerk to execute such deed, which, in the absence of evidence to the contrary, will be presumed to have been given by resolution ordered by the county board as therein provided. This should especially be so, since the authority need not be especially given for the execution of each particular deed, but may be general and continuous, as held in *Mead v. Nelson,* 52 Wis. 405, 406.

The tax deed, being regular upon its face, was properly admitted in evidence, and vested the title in the county. But while such tax deed was presumptive evidence of the regularity of all proceedings up to and including the execution of such deed, still it was not evidence of authority on the part of the county clerk to subsequently execute a quitclaim deed of the same land. " The powers of a county, as a body corporate, can only be exercised by the county board thereof, or in pursuance of a resolution or ordinance by them adopted." Sec. 652, R. S. " The county board may, by resolution or ordinance, direct the county clerk to sell and convey any real estate of the county not donated and required to be held for a special purpose; and all deeds made in pursuance thereof on behalf of the county by the county clerk, under his hand and the county seal, and acknowledged by him, shall convey all the right, title, interest, and estate which the county may then have in and to

the land so conveyed." Sec. 653. The land in question had not been donated and was not held for a special purpose, and hence could only be conveyed in pursuance of authority given by the county board. This last section of the statute declares the effect of such deed when so executed and acknowledged in pursuance of such direction of the county board, but does not make such deed presumptive evidence of such authority. In the absence of such statute no such presumption can be indulged. *Varick v. Tallman,* 2 Barb. 113; *Hill v. Draper,* 10 Barb. 454; *Beekman v. Bigham,* 5 N. Y. 366; *Stanton v. Ellis,* 12 N. Y. 575. The clerk had no personal interest in the lands. He could only act as agent for the county, and then only after being authorized. If the clerk had authority to execute and deliver the quitclaim deed from the county to the plaintiff, it should have been proved upon the trial. As it was not, the plaintiff failed to establish his chain of title, regardless of the question whether the statute had run against the tax deed.

*By the Court.*— The judgment of the circuit court is affirmed.