Ward, Respondent, vs. The Necedah Lumber Company, Appellant.

*December 15, 1887 — January 10, 1888.*

*Counties: Conveyance of land: Evidence of authority of county clerk: Recital in deed.*

The real estate of a county can be conveyed only in pursuance of authority given by the county board, and a recital in a deed that the county clerk was authorized to execute it by a resolution passed by the county board on a certain day, is not *per se* evidence of that fact. The resolution itself should be introduced.

APPEAL from the Circuit Court for *Wood* County. The case is sufficiently stated in the opinion.

For the appellant there was a brief by *Prentiss, Hughes*

& *Miller*, and oral argument by *S. U. Pinney* and *G. C. Prentiss*.

For the respondent the cause was submitted on the brief of *Gardner & Gaynor*.

COLE, C. J. This is an action of ejectment. The plaintiff bases his title to the land in question upon a quitclaim deed from Wood county to him, dated September 20, 1886. The defendant claims title to the same lands under certain tax deeds and other conveyances, which are set up in the answer. The case was tried by the court without a jury; and the circuit court found, upon the evidence, that the plaintiff was the owner of the lands in fee simple, and was entitled to the possession, and gave judgment accordingly. The defendant, in its answer, claimed the benefit of the statute of limitations, as it and its grantors had been in possession under recorded tax deeds for more than three years before the commencement of the suit, and also relied on the ten years statute of limitations. The title of the defendant was attacked on the ground that the deeds from the county to Baker and Powers, its remote grantors, were absolutely void and conveyed no title under ch. 276, Laws of 1864, which was in force when these deeds were executed. Powers was the county clerk, and executed a deed of release from the county to Baker, his deputy, it is said for his own benefit; at the same time transferring certain tax certificates owned by the county, upon which he afterwards procured a tax deed. In answer to this objection, it is insisted that the evidence shows a settlement by the board of supervisors with Powers for the tax certificates, and of all matters relating to these lands; so that, if there had been any violation of ch. 276 in the original transactions, the defect in the title was cured by this settlement. From the view which we have taken of the case, it becomes unnecessary to determine the real scope and intent of ch. 276,

or to consider any questions growing out of the alleged settlements, and we shall express no opinion upon these points.

The law is elementary that in ejectment the plaintiff must recover on the strength of his own title and not upon the weakness of the title of his adversary. In this case the plaintiff utterly failed to show any title to the lands in controversy. We have said that he based his right to recover the lands upon a quitclaim deed from the county to him. The county had bid off the land at tax sales, and subsequently took tax deeds for them, as it lawfully could do. These tax deeds were executed, one in July, 1869, and the other in October, 1870, and were both recorded in 1870. Assuming, as we may, for the purposes of this case, that the title of the county, acquired by the tax deeds, remained in it unaffected by any conveyance under which the defendant claims, still there is a fatal defect in the plaintiff's title, because he failed to prove that the county clerk had authority to execute the deed under which he claims. The establishment of that fact was absolutely essential to his case. The county clerk could only convey the interest of the county upon being authorized by a resolution or ordinance of the county board. Sec. 653, R. S.; *Woodman v. Clapp*, 21 Wis. 364; *Bemis v. Weege*, 67 Wis. 435. It is true, in this case, the deed to the plaintiff recites, in effect, that the board of supervisors on the 10th of November, 1869, passed a resolution that the clerk be, and was thereby, authorized and empowered to sell and convey to any person purchasing the same, any land on which the county had, or might thereafter have, a tax deed. But this recital is not evidence that the clerk was authorized by a resolution of the board to execute the deed, since we know of no statute which makes such recital *per se* evidence of the existence of such a resolution. The authority of the clerk should have been proven on the trial by the production of the resolution

itself, and it could not be presumed from the fact that the deed was executed by the clerk, or from the recital contained therein. *Bemis v. Weege, supra; Semple v. Whorton,* 68 Wis. 628.

It follows, from these views, that the plaintiff showed no title to the lands which he recovered, and the judgment should have been given for the defendant.

*By the Court.*— The judgment is reversed, and the cause is remanded with directions to the circuit court to render judgment according to this opinion.