# CASES DETERMINED

## January Term, 1893.

BROWN, Respondent, vs. COHN and another, Appellants.

*March 25 — April 11, 1893.*

*Tax deeds: Seal of county.*

Upon a tax deed, at the left of the county clerk's signature, which was followed by a scroll as his seal, was stamped into the paper by a metal die a device like a seal, enclosing the words "COUNTY CLERK — LINCOLN CO. — WIS." The county clerk attested that he had "affixed the seal of the county board of supervisors," etc., and in the certificate of acknowledgment the clerk of the circuit court stated that the county clerk, "to me known to be the person . . . who affixed the seal of said county of Lincoln to the foregoing deed, . . . acknowledged that he has affixed said seal," etc. Sec. 51, ch. 22, Laws of 1859, provided that when a deed should be executed by the clerk of county board of supervisors it should have affixed thereto the seal of such board, "which is hereby declared to be the corporate seal of the county." Sec. 34, ch. 13, R. S. 1858, provided that "every county board of supervisors shall have a seal, and may alter it at pleasure." Subd. 8, sec. 669, R. S., provides that "the official seals of the several county boards now in use shall be deemed to be the official county seals . . . until others shall be provided." Sec. 1176, R. S., provides that a tax deed shall be presumptive proof of the regularity of the proceedings up to and including the execution of the deed. There being no evidence that the county had any seal other than the one in question, it is *held* that the sealing of the deed was sufficient.

APPEAL from the Circuit Court for *Oneida* County.
Ejectment. The facts are sufficiently stated in the opin-

ion. Defendants appeal from a judgment in favor of the plaintiff.

For the appellants there was a brief by *Neal Brown* and *L. A. Pradt*, attorneys, and *H. C. Hetzel*, of counsel, and oral argument by *Mr. Brown.* They cited, besides cases cited in the opinion, *Stebbins v. Merritt*, 10 Cush. 27; *Pequawkett Bridge v. Mathes*, 7 N. H. 230; *Tenney v. East Warren L. Co.* 43 id. 343; *Perry v. Price*, 1 Mo. 664; *Brinley v. Mann*, 2 Cush. 337, 48 Am. Dec. 669; *St. Philip's Church v. Zion Presb. Church*, 23 S. C. 297; 1 Beach, Priv. Corp. sec. 376; *Sutton's Hospital*, 10 Coke, 30b; *Goddard's Case*, 2 id. 5; *Thorndike v. Barrett*, 3 Me. 380; *Gashwiler v. Willis*, 33 Cal. 11; *Hendee v. Pinkerton*, 14 Allen, 381; *Sherman v. Fitch*, 98 Mass. 59; *Eureka Co. v. Bailey Co.* 11 Wall. 488; *Charleston v. Moorhead*, 2 Rich. Law (S. C.), 450; *Hutchins v. Byrnes*, 9 Gray, 367; *Koehler v. Black River Falls I. Co.* 2 Black, 717; *South Baptist Soc. v. Clapp*, 18 Barb. 35; *Royal Bank v. G. J. R. & D. Co.* 100 Mass. 444; Cruise, Digest, tit. XXXII, ch. II, sec. 55; *Corrigan v. Trenton D. F. Co.* 5 N. J. Eq. 52; *Warren v. Lynch*, 5 Johns. 239; *Meredith v. Hinsdale*, 2 Caines, 362; 2 Phillips, Ev. 131; *Doe ex dem. Woodmass v. Mason*, 1 Esp. 53; *Doe v. Edwards*, 9 Ad. & El. 554; Angell & Ames, Corp. (11th ed.), secs. 218, 226; *Bank of Vergennes v. Warren*, 7 Hill, 91, *Moises v. Thornton*, 8 Term R. 303; *Jackson ex dem. Martin v. Pratt*, 10 Johns. 381; *Mann v. Pentz*, 2 Sandf. Ch. 271, *Foster v. Shaw*, 7 Serg. & R. 156; *Leazure v. Hillegas*, id. 313; *Den ex dem. Tours v. Vreelandt*, 7 N. J. Law, 352; *Darnell v. Dickens*, 4 Yerg. 7; *Farmers' & M. T. Co. v. McCullough*, 25 Pa. St. 303; *Ruffner v. Welton C. & S. Co.* 36 W. Va. 244; 3 Washb. Real Prop. 273; *Duffey v. Presb. Church*, 48 Pa. St. 46; *Flint v. Clinton Co.* 12 N. H. 430; *Murphy v. Welch*, 128 Mass. 489; *Crossman v. Hilltown T. Co.* 3 Grant's Cas. (Penn.), 225; *Den ex dem. Osborne v. Tunis*, 25 N. J. Law, 633; *Reynolds'*

Brown vs. Cohn and another.

*Heirs v. Trustees*, 6 Dana (Ky.), 37; Gilbert, Ev. 15, 16; *Armstrong v. Pearce*, 5 Harr. (Del.), 351; *Bank of Middlebury v. R. & W. R. Co.* 30 Vt. 160; *Jackson ex dem. Donally v. Walsh*, 3 Johns. 226; *Decker v. Freeman*, 3 Me. 338; 1 Dillon, Mun. Corp. sec. 190; *Lynde v. Winnebago Co.* 16 Wall. 6–16; *Vilas v. Reynolds*, 6 Wis. 214; 1 Devlin, Deeds, secs. 336, 348, 349; *Richardson v. Scott R. W. & M. Co.* 22 Cal. 150; *Perry v. Price*, 1 Mo. 664, 14 Am. Dec. 316; *Eagle W. M. Co. v. Monteith*, 2 Oreg. 285; *Chouquette v. Barada*, 28 Mo. 491; 1 Parsons, Cont. 140; *Hickman v. Boffman*, Hard. (Ky.), 348; *Phil. & T. R. Co. v. Stimpson*, 14 Pet. 448; *Delassus v. U. S.* 9 id. 117; *New Orleans v. Halpin*, 17 La. Ann. 185; *U. S. Bank v. Dandridge*, 12 Wheat. 64; *King v. Hawkins*, 10 East, 211; *Powell v. Millburn*, 3 Wils. 355; *Hartwell v. Root*, 19 Johns. 345; *State v. McCauley*, 15 Cal. 456; *Stinchfield v. Little*, 1 Me. 231; Whart. Ev. secs. 319, 322, 694.

For the respondent the cause was submitted on the brief of *Raymond, Lamoreux & Park*. They contended, *inter alia*, that the law is explicit and peremptory that every tax deed must be executed under the official or corporate seal of the county, and it must necessarily follow that a tax deed not so executed is absolutely void. The corporate seal of a municipal corporation must purport on its face to be such seal, and such municipal corporation cannot adopt as its corporate seal the official seal of any other coporation or the official seal of a public officer. *Stockton v. Powell*, 29 Fla. 1. The board of supervisors have no more power to adopt the seal of the clerk than the county clerk has to adopt the seal of the county board. *Eaton v. North*, 20 Wis. 449; *Sturdevant v. Mather*, id. 576–584. Courts have sometimes held that, in the absence of all proof that the county seal was not affixed, they will presume from the recitals in the deed that it was so affixed. See *Dolan v. Trelevan*, 31 Wis. 147. In that case the court said: "Of

course when the deed is produced, if it is found that the attestation is false, and the seal wanting, the deed will be held void." *Putney v. Cutler*, 54 Wis. 66; *Dreutzer v. Smith*, 56 id. 292. It would be a strange doctrine or rule that the recitals in a deed that a corporate seal had been attached should be taken as a verity, when it appears on the face of such deed that some other seal in the place of the corporate one, or no seal at all, had been so attached. Courts generally take judicial notice of the seals of public officers, of other courts, and perhaps of the corporate seals of municipal corporations. But the court cannot recognize a seal as that of a particular corporation solely from the fact that it is affixed to a document purporting to be issued by or emanating from such corporation. Its identity must be determined from the seal alone, apart from and aside from any document to which it may be attached. *Pillow v. Roberts*, 13 How. 475; *Pierce v. Indseth*, 106 U. S. 546. If the validity of defendant's title depends on some facts *dehors* the record, the burden is upon them to establish such facts by competent testimony. *Williams v. Peyton*, 4 Wheat. 77; *Huey v. Van Wie*, 23 Wis. 613. The recitals in a tax deed are not evidence against the owner of the property. 1 Blackwell, Tax Tit. 73. Our statute making the deed evidence of the regularity of the proceedings does not apply to deeds not executed as required by law, and which are void on their face. *Lain v. Shepardson*, 18 Wis. 59; *Easley v. Whipple*, 57 id. 485. There is no presumption that the officer in executing tax deeds had done his duty. 1 Blackwell, Tax Tit. 70–72; *Huey v. Van Wie*, 23 Wis. 613. In Nebraska the law required the tax deed to be issued under the seal of the county treasurer. There had been no official seal provided. The treasurer used a scroll for his official seal. The courts held the seal wholly insufficient, notwithstanding the treasurer recites in his deed that it is under his hand and seal. *Hendrix v. Boggs*, 15 Neb. 469;

---

---

*Gue v. Jones*, 25 id. 634–637; *Reed v. Merriam*, 15 id. 323; *Baldwin v. Merriam*, 16 id. 199; *Young v. De Putron*, 37 Fed. Rep. 46, affirmed, 134 U. S. 241. In the matter of the sale and conveyance of lands for the nonpayment of taxes, municipal corporations have no implied powers. They can exercise only such authority as has been expressly given by statute, and that authority must be pursued. *Knox v. Peterson*, 21 Wis. 247; *Sprague v. Coenen*, 30 id. 209; *Smith v. Todd*, 55 id. 459–464. A tax deed must be substantially in the form prescribed by law, and must be sealed with the corporate seal. *Woodman v. Clapp*, 21 Wis. 355–367; *Knox v. Huidekoper*, id. 527; *Putney v. Cutler*, 54 id. 66; *Bendexon v. Fenton*, 21 Neb. 184; Black, Tax Tit. secs. 208, 224.

ORTON, J. This is an action of ejectment. The plaintiff complained in the usual form, and it was conceded that he entered the land and purchased it from the United States in January, 1873. Taxes thereon were duly assessed and levied for the years 1874 and 1875, and it was duly sold for such taxes in 1875 and 1876, respectively, to the county, and in May, 1878, a tax deed therefor was issued to one J. D. Gillett, the assignee of the county, on the sale of 1875. A tax deed therefor was also issued on the 11th day of May, 1879, to the said Gillett, assignee, on the tax sale of 1876, and duly acknowledged and recorded. A tax deed therefor was issued on the 10th day of November, 1883, by the county to C. J. Winton, the assignee of the county, on the tax sale of 1880. Title through mesne conveyances from J. D. Gillett and C. J. Winton was brought to the defendant *L. S. Cohn*. The defendant *David Finn* had an interest only by a contract to cut timber on said land. The answer of the defendants set up the said tax deeds and the statutes of limitation thereon. The tax deeds were objected to by the plaintiff's counsel, because not executed and acknowledged according to law. They

were received in evidence, subject to the objection, but they were finally rejected in the findings of the court as being void for the want of the corporate seal of the county of Lincoln on each of said deeds. They were alike in this respect, and appear to have been otherwise in due form and according to law.

The only real question in the case on this appeal is whether said deeds bear the seal of the county of Lincoln. These deeds are signed by the clerk of Lincoln county, and a scroll seal affixed thereto. On the left hand side there is stamped into the paper by a metal die a device like a seal, and the words, "County Clerk — Lincoln Co.— Wis.," inclosed therein. In the attestation clause of the deed the clerk *attests* that he has subscribed his name hereunto officially, "*and affixed the seal of the county board of supervisors*," at Jenny, in the said county of Lincoln, etc. The certificate of acknowledgment to the deeds by the clerk of the circuit court, Lincoln county, Wis., states that "Herman Rusch, as county clerk, to me known to be the person who executed *and affixed the seal of said county of Lincoln* to the foregoing deed," etc., "and the county clerk, *acknowledged that he has affixed said seal*," etc. The county is the grantor in tax deeds, and speaks only by its seal. This stamped device on the left of the clerk's signature is not the clerk's seal, for he has affixed to his name a scroll seal, and it is not in the proper place for his official seal. This stamped device must be the seal of the county, or of the county board of supervisors, referred to in the attestation clause of the deeds, and in the certificate of the clerk of the circuit court, and in the acknowledgment of the county clerk, for there was no other to which such reference could be made.

The first deed was executed under sec. 51, ch. 22, Laws of 1859, and the other two under the Revision of 1878. The said sec. 51, ch. 22, Laws of 1859, provides: "In all

cases hereafter, when a deed under this act shall be executed by the clerk of 'county board of supervisors,' or by the clerk of 'the board of county supervisors,' such deeds shall have affixed thereto the seal of such board, as the case may be, which is hereby declared to be the corporate seal of the county." This is a very liberal statute. The true designation of that board is the " county board of supervisors." It is the seal of the board, and yet it is " the corporate seal of the county." Sec. 34, ch. 13, R. S. 1858, provides that "every county board of supervisors shall have a seal, *and may alter it at pleasure.*" This would seem to imply that the board might adopt any kind of seal they pleased, and change it as often as they pleased. Subd. 8, sec. 669, R. S., provides that the board shall provide an official seal for the county and county officers, and " that the official seals of the several county boards now in use shall be deemed to be the official county seals of the several counties respectively, until others shall be provided; " and sec. 1176 provides that a tax deed shall be *presumptive* proof of the regularity of the proceedings up to and including the *execution* of the deed. In *Bemis v. Weege,* 67 Wis. 435, it is held that the tax deed was presumptive evidence that the clerk was authorized to execute the deed by a proper resolution of the county board under sec. 1194, R. S.; and in *Huey v. Van Wie,* 23 Wis. 613, it is held that a tax deed executed by the *deputy* clerk was conclusive evidence of the existence of the contingency which authorized the deputy to act, which was the absence of the clerk, though the fact of his absence was not recited in the deed.

The county clerk who executed these deeds for the county has certified in the deeds themselves, and in his acknowledgment of their execution, as strongly as language could do it, that such seal is the seal of the county, and that he affixed it to the deeds as the official seal of the county. The clerk of the circuit court certified to the same thing in

Brown vs. Cohn and another.

his certificate of acknowledgment, and there was no evidence that the county had any other seal. This evidence in the deeds and their acknowledgment is very nearly conclusive that this seal was affixed to the deeds as the official seal of the county. This evidence, in view of the above statutes, is certainly sufficient to establish the *presumption* that this device is the adopted official seal of the county. The deeds themselves, in this respect, are presumptive proof of the regularity of their execution by the above statute, and the affixing of this seal to the deeds was a necessary and indispensable part of their execution. The statute does not make the form of the seal of any consequence. Any kind of a device that could be called or used as a seal is sufficient, and it may be changed as often as the county board sees fit; and, if none has been adopted, the seal *in use* shall be deemed to be the official county seal. The county board must be presumed to know that their clerk was using this device as their official seal of the county, and it seems to pass as approved and adopted by them, and without objection. This device is stamped into the paper as an indelible impression of a seal, and both "County Clerk," and "Lincoln Co." are within and a part of it.

The following authorities are cited to the principle that if there is an expression in the body of the instrument, indicating or designating that the scroll used is used as the seal, it is sufficient: *Lee v. Adkins*, Minor (Ala.), 187; *Boynton v. Reynolds*, 3 Mo. 79; *Grimsley v. Riley*, 5 Mo. 280; *Walker v. Keile*, 8 Mo. 301; *Armstrong v. Pearce*, 5 Har. (Del.), 351. The seal affixed by the proper officers of a corporation as a part of the execution of an instrument is *prima facie* evidence that it is the seal of the corporation. *Phillips v. Coffee*, 17 Ill. 154, 63 Am. Dec. 357. Our statute goes as far, if not farther, in making a deed *presumptive proof* of the regularity of its execution, which certainly includes the seal affixed. In *Susquehanna B. & B. Co. v.*

*General Ins. Co.* 3 Md. 305, the court said: "It is contended that there was no proof of the seal of the corporation. It is unnecessary, when it is affixed by the proper officer or agent of the company." Ang. & A. Corp. 195. To the same effect is *Leggett v. N. J. M. & B. Co.* 1 N. J. Eq. 541, 23 Am. Dec. 728. "It is well settled that a corporation may adopt any seal they choose for a time, the same as an individual." *Milldam Foundery v. Hovey*, 21 Pick. 417; *Porter v. A. & K. R. Co.* 37 Me. 349. Our statute allows the county board to do the same thing for the county. See, also, *Haven v. Adams*, 4 Allen, 80; *Sheets v. Selden's Lessees*, 2 Wall. 177; *Lovett v. Steam S. Asso.* 6 Paige, 54; *Clark v. Imperial G. L. & C. Co.* 1 Nev. & Man. 206; *Bank of Middlebury v. R. & W. R. Co.* 30 Vt. 159; *Miller v. Superior M. Co.* 79 Ill. 450; *Ill. Cent. R. Co. v. Johnson*, 40 Ill. 35; *Sawyer v. Cox*, 63 Ill. 130; *St. Louis Public Schools v. Risley*, 28 Mo. 415; *Kansas v. H. & St. J. R. Co.* 77 Mo. 180; *Johnston v. Crawley*, 25 Ga. 316, 71 Am. Dec. 173. All of the above cases are closely in point. They are cited in the very able and elaborate brief of the learned counsel of the appellants, in which are also cited a great many other cases to the same or similar effect.

The cases in this court tend strongly to establish the presumption that the seal here used was the official seal of the county. In *Dreutzer v. Smith*, 56 Wis. 292, the attestation clause of the tax deed contained the statement, "and have hereunto affixed the seal of said county board of supervisors," etc. When the deed was executed the statute required it to be sealed with the seal of the county. Mr. Justice TAYLOR said in the opinion: "Such seal will be presumed to be the only seal the county had, until proof be made that the county board had procured another county seal." Here the clerk, in his attestation to the deeds, states the same thing, and the county clerk and clerk of the circuit court both certify that it is the seal of said county.

The same learned justice says further in his opinion, after citing the statute (sec. 669, R. S.): "Under this provision we must presume that the clerk, in executing the deed, performed his duty and affixed the seal of the county to the deed." Language could not be stronger or more appropriate in favor of the regularity of the execution of these deeds in respect to their seals; and the statute, as we have seen, establishes the same presumption. In *Bulger v. Moore*, 67 Wis. 430, the clerk stated in the attestation clause that he had affixed the "seal of the county board of supervisors," when it should have been the "seal of the county," and signed his name officially to the deed as "clerk of the board of supervisors," when it should have been "county clerk." The deed was held valid.

Although the device does not contain the words "county seal," yet it is evident that it was intended to be the county seal. It could not have any other use, stamped as it was on these tax deeds, than to be used as a seal. And it is also quite evident that the clerk intended to use it as the county seal, and it must be the seal referred to in the deeds and their acknowledgments as the seal of the county. Although no case may be found exactly like this, or in very close analogy to it, in respect to the device used as a seal, we are yet inclined to hold that the sealing of these tax deeds is sufficient under the liberal rules of the statute and of the decisions of the courts upon that subject. There cannot be expected much uniformity in the seals used as county seals upon tax deeds, until the county boards of supervisors shall adopt and procure a uniform county seal for each county or for all the counties, and discharge their duty under the statute in this respect. Until they do this, the courts must be lenient towards the devices used as such when properly authenticated, and this I understand to be the spirit of the laws and decisions. We therefore hold that these deeds were properly exe-

cuted, and are valid tax deeds, as the basis of the defendants' title.

The cases cited in the brief of the learned counsel of the respondent do not any of them appear to be in conflict with the above cases.

In respect to the last deed, dated November 10, 1883, the plaintiff introduced the judgment roll in the case of this plaintiff against the county of Lincoln and county officers and one John Comstock and others, alleged to be the holders of the tax certificates on which said deed was issued, tending to prove that the issuing of said tax deed was enjoined, and the taxes held void, and the certificates canceled. We shall not decide what the effect of that proceeding was upon said tax deed, as it is unnecessary. It may be conceded that said deed was rendered invalid by it, and yet the other two deeds show title in the defendants, and their right to recover in the action is not impaired by the proceedings in that case. The invalidity of that deed cannot affect the other two deeds in any respect, as we understand the case. The error in the rejection of the first two tax deeds will entitle the defendants to a reversal of the judgment, and on another trial the matter of that adjudication may be reconsidered and again passed upon by the court. Irrespective of that proceeding, we hold that deed also a valid tax deed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.