## BAXTER vs. THE STATE.

A contract executed on behalf of the territory of Wisconsin, by a commissioner who affixed to it a seal composed of a piece of paper fastened by a wafer, is, as to the territory, an unsealed instrument.   The seal must be regarded as that of the commissioner individually.

A motion to amend the complaint on such contract, by averring that the instru-ment, which had been declared on as unsealed, was in fact under the seal of

the territory, was denied upon the ground that it appeared from the instrument itself, shown to the court on the hearing of the motion, that the amendment would be unavailing.

This was an action upon a contract, entered into between the plaintiff and the territory of Wisconsin. The complaint counted upon the contract as an unsealed instrument. A motion was now made for leave to amend the complaint by stating that the instrument was under the seal of the territory.

*J. H. Knowlton* and *J. A Sleeper*, for the motion.

*J. H. Howe*, Attorney General, *contra*.

*By the Court*, PAINE, J.   A motion has been made for leave to amend the complaint, so as to aver that the contract sued on was under seal, and thus avoid the plea of the statute of limitations, upon which the case has thus far turned. In support of the motion the plaintiff filed an affidavit, showing that at the time of filing the complaint the contract had been mislaid, and that he had forgotten that it was under seal, but that he had since found it, and that it was a sealed instrument. The contract itself was also submitted to us for inspection in passing upon this motion. It shows that the parties signing the instrument affixed seals to their names, that used by the commissioner of the territory being composed of a piece of paper fastened by a wafer. We are satisfied, as was contended by the attorney general, that this can be regarded only as the seal of the commissioner individually, and not as the seal of the territory. The latter could have been bound in covenant only by the use of its official seal, and though its agent affixed his individual seal, it was still but a simple contract as against the territory. Ang. & Ames on Corp., § 295, Note 1, and cases cited.

We should allow the amendment if it did not appear that it would be unavailing. But if in the amendment, the facts should be alleged as they are, it would be immaterial, as it would not vary the question so far as the statute of limitations is concerned. If it should be averred generally that the contract was sealed by the territory, it fully appears that such an averment could not be sustained by the proof. For this reason the motion is denied.