Gary THEIGE, Plaintiff-Appellant,

v.

COUNTY OF VERNON, Defendant-Respondent.

Court of Appeals

*No. 97–0959. Submitted on briefs November 10, 1997.—Decided September 3, 1998.*

(Also reported in 586 N.W.2d 15.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James F. Gebhart* of *Stroud, Stroud, Willink, Thompson & Howard* of Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Gregory M. Lunde* of *Law Offices of Lunde & Smith* of Westby.

Before Dykman, P.J., Eich and Deininger, JJ.

DEININGER, J. Gary Theige appeals an order that permitted Vernon County to record a "correction deed to reform the deficiency" in the original tax deed by which the County had obtained title to Theige's property. The trial court had initially issued a memo-

randum decision in which it determined that the County's original tax deed was defective and "void on its face." Following that decision, Theige paid the delinquent taxes and interest due in an attempt to redeem the property. The trial court, however, subsequently permitted the County to correct its tax deed, and declared that the County's title to the property vested "as of the date of the recording of the original deed." The issue on appeal is whether the original tax deed was in fact void, and thus, whether the trial court erred in allowing a correction deed to relate back to the date of original recordation. We conclude that the original tax deed was void and not susceptible to reformation. Since Theige redeemed the property prior to the recording of a valid tax deed, we reverse.

## BACKGROUND

The parties have stipulated to the following facts. Theige owned a 19.5-acre parcel of land located in Vernon County. He failed to pay the real estate taxes due on this land for the years 1990 through 1992. Following Theige's failure to pay each year, the Vernon County Treasurer issued tax certificates to Vernon County for the unpaid amounts due. *See* § 74.57(1), STATS. On June 12, 1996, the treasurer sent Theige a Notice of Application for Tax Deed. *See* § 75.12, STATS. This notice, in compliance with the statute, listed the years and amounts of taxes due and informed Theige that the County would apply for a tax deed after the expiration of the statutory three-month waiting period.

On October 15, 1996, after the three-month period had expired, the Vernon County Clerk executed and recorded a tax deed conveying Theige's property to Vernon County. The next day, the Vernon County Land Sales Committee authorized the publication of notice

under § 75.69, STATS., announcing that the County would accept bids for the purchase of the former Theige property. Theige filed a summons and complaint in this action on November 5, 1996. He also filed with the register of deeds a lis pendens identifying the property and the instant litigation. The County moved for summary judgment, averring that all of the statutory requirements for obtaining a tax deed had been met. In an order entered December 30, 1996, however, the circuit court accepted Theige's argument that the tax deed was "void on its face" because it did not conform to the requirement of § 75.16, STATS., that tax deeds "be substantially in the following or other equivalent form."[1]

On January 17, 1997, Theige paid the Vernon County Treasurer the full amount due for all unpaid taxes on the property plus interest and other charges. Subsequently, the circuit court issued a second decision which addressed the issue of "the proper remedy in view of the court's prior decision." In the second decision, the court characterized the tax deed as "deficient" rather than void, and ruled that the appropriate remedy is to allow the County to file an amended deed in the correct form. The court also ordered Theige's redemption payment returned to him. An order for judgment to that effect was entered and this appeal followed.

## ANALYSIS

The form for tax deeds prescribed by § 75.16, STATS., is as follows:

---

[1] Section 75.16, STATS., sets out a complete form for tax deeds, which we quote at length in the analysis section of this opinion.

To all to whom these presents shall come, greeting:

Whereas, . . . ., treasurer of the county of . . . ., has deposited in the office of the county clerk of the county of . . . ., in the state of Wisconsin, *a tax* certificate of *said county*, whereby it appears, as the fact is, that the following described piece (or pieces) or parcel (or parcels) of land lying and being situated in the county of . . . ., to wit: (Here describe the lands) was (or were) *included in the tax certificate issued to the county of . . . . on August 15, 19.., for the nonpayment of real property taxes, special assessments, special charges or special taxes, in the amount of . . . . dollars and . . . . cents, in the whole, which sum was the amount assessed and due and unpaid on said tract (or several tracts) of land,* and whereas it further appears, as the fact is, that the owner (or owners) or claimant (or claimants) of said land has (or have) not redeemed from said *certificate* the lands which were included as aforesaid, and said lands continue to remain unredeemed, whereby said described lands have become forfeited and the said county is entitled to a conveyance thereof:

Now, therefore, know all by these presents that the county of . . . ., in said state, and the state of Wisconsin, in conformity to law, have given and hereby do give, grant and convey the tract (or several tracts) of land above described, together with the hereditaments and appurtenances, to the said county of . . . . and its assigns, to their sole use and benefit forever.

In testimony whereof, I, . . . ., the clerk of the county of . . . ., have executed this deed pursuant to and in virtue of the authority in me vested by the statutes of the state of Wisconsin, and for and on behalf of said state and the county of . . . . aforesaid, and have hereunto subscribed my name officially

735

and affixed the seal of the said . . . . (name it), at . . . .
in said county of . . . ., this . . . . day of . . . ., 19...

[L. S.]

A. B.

(Here give official designation.)

Done in presence of

. . . .

. . . .

(Emphasis added.)

We have emphasized above the statutory language from which the most significant departures are made in the County's deed for Theige's property. The tax deed executed and recorded by the Vernon County Clerk recited, in lieu of the emphasized language, that Vernon County had deposited in the office of the county clerk, "Certificate of SANDRA VOLD-BRUDOS, the then County Treasurer of said County, whereby it appears" that Theige's property:[2]

> WAS for the non-payment of taxes, sold by the said Treasurer of said County, at public auction at the County Treasurer's office, in the County of VERNON, on the 1st day of September, in the year of our Lord, one thousand nine hundred and ninety three, to the said VERNON [County] for the sum of ONE THOUSAND FOUR HUNDRED NINETY

[2] The County apparently employed an outdated form which conformed with procedural and formal requirements for tax deeds prior to amendments enacted in 1987 Wis. Act 378, which became effective on January 1, 1989. The amendments to the tax deed form specified in § 75.16, STATS., were intended to "[r]eflect that tax-delinquent lands are no longer sold, and that the county will uniformly hold the tax certificate and be the grantee on all tax deeds." Legislative Council Special Committee on Property Tax Collection Laws Note, 1987 Wis. Act 378 § 99.

ONE Dollars and 48 Cents, in the whole, which sum was the amount of taxes assessed and due, and unpaid on said tract of land, together with the costs and charges of such sale, due therewith at the time of making such sale, the whole of which sum of money has been paid by the aforesaid purchaser;

Theige's argument on appeal is straightforward: (1) the tax deed executed and recorded by the County contained substantial and material errors, and thus it is void on its face as the trial court initially concluded; (2) the deed cannot therefore be reformed by the subsequent recording of a proper deed; and (3) Theige retains title because he redeemed the property by paying to the county treasurer all taxes, interest and penalties due, before a valid tax deed was recorded. *See* § 75.01(1)(b), STATS., ("Any person, prior to the recording of a tax deed . . . may redeem the land described in the tax certificate."). We agree with Theige and reject the County's assertion that the defects in the original tax deed were mere "surplusage" constituting "frivolous grounds" for voiding a tax deed.

██

Our principal inquiry is whether the tax deed recorded by the County substantially complied with the requirements of § 75.16, STATS. This involves the interpretation and application of a statute to undisputed facts and, hence, it is a question of law we decide de novo. *See Minuteman, Inc. v. Alexander*, 147 Wis. 2d 842, 853, 434 N.W.2d 773, 778 (1989).

We agree with the parties and the trial court that there are no appellate opinions interpreting the current version of the statute. Although the particulars of the statutorily prescribed form have varied over time, the directive that tax deeds be "substantially" in the prescribed "or other equivalent form" has been a con-

sistent requirement under earlier versions of the statute. *See Laughlin v. Kieper*, 125 Wis. 161, 165, 103 N.W. 264, 266 (1905) ("A form is prescribed, and it is provided that a deed in substantially such, or an equivalent form, shall be sufficient. Section 1178, Rev. St. 1898 . . . ."). Thus, we conclude that cases interpreting predecessor statutes to the current § 75.16, even though they are some one hundred years old, remain authoritative on the question before us. *See Reiter v. Dyken,* 95 Wis. 2d 461, 471–72, 290 N.W.2d 510, 515–16 (1980) (When the legislature revises a statute but fails to "correct the court's interpretation," the presumption of legislative acquiescence in judicial construction is strengthened.).

Several general principles emerge from the supreme court's interpretations of the statute prescribing the form for tax deeds. First, "the omission of a material requirement of the statutory form, which is not supplied by necessary inference from other parts of the deed, is a fatal defect." *Washburn Land Co. v. Chicago, St. P., M. & O. Ry. Co.*, 124 Wis. 305, 309, 102 N.W. 546, 548 (1905). On the other hand, "omissions and blunders that do not prejudice or deceive anyone or affect the substance of the conveyance do not militate against the rule of substantial accuracy required by the statute." *Id.* at 307, 102 N.W. at 547. Finally, "if the term used in the deed in question was substantially the same as the one that should have been used it is a fair equivalent therefor, and the irregularity is not material." *Laughlin,* 125 Wis. at 165, 103 N.W. at 266. In applying these rules, the supreme court has concluded that a tax deed is void if it lists the wrong city as that in which a tax sale took place. *See Lander v. Bromley,* 79 Wis. 372, 376, 48 N.W. 594, 595 (1891). Conversely, the court has decided that a deed is not void when it states

that the sale was made at the office of the county treasurer, rather than the county seat. *See Washburn,* 124 Wis. at 313, 102 N.W. at 549. In *Washburn,* the necessary information was supplied by inference because "the office of the county treasurer must necessarily be at the county seat." *Id.*

The court's principal rationale in formulating and applying the foregoing principles appears to be that a proper tax deed must show that the statutory requirements for obtaining a tax deed have been complied with. Thus, in *Lander* the court noted that had the tax sale actually occurred in the city recited in the deed, the sale would have been void, and thus the deed which falsely stated that the sale took place in that city "was equally void upon its face." *Lander,* 79 Wis. at 376, 48 N.W. at 595. This is because "the substantial requirements of the statutes must appear from the record itself." *Id.* at 377, 48 N.W. at 595. In an earlier case, the court emphasized that the purpose of the words "as the fact is" (which continue to this day to be required, *see* § 75.16, STATS.) is "in the nature of a certificate or averment on the part of the officer who executes the deed, that he has examined the records and found the facts to be as stated in the deed . . . [thus constituting] a written declaration . . . that the matters in the deed are true." *Lain v. Cook,* 15 Wis. 488, [*446], 491, [*448] (1862).[3]

The original tax deed for Theige's property recorded by the County does not show that the County

---

[3] The court in *Lain* noted that the statute requires that the deed "shall be substantially in the following or other equivalent form," which is the identical wording used in the current version of § 75.16, STATS. *Lain v. Cook,* 15 Wis. 488, [*446], 490–91, [*447–48] (1862) (citing "ch. 66, Laws of 1854"). The court concluded that the omission of the words "as the fact is" was a substantial and fatal defect. *Id.* at 492, [*449].

complied with the present statutory requirements for obtaining a tax deed. To the contrary, the deed recites that an outdated, and thus improper, procedure was utilized. The recitation that a public auction of the property had been conducted on September 1, 1993, and that the treasurer had then and there sold the property to "VERNON [County]" for the non-payment of taxes, constitutes an averment by the county clerk that the present statutory procedures for obtaining a tax deed were not followed. Section 74.57, STATS., provides that the county treasurer must annually, on September 1, "issue to the county a tax certificate which includes all parcels of real property included in the tax roll for which real property taxes . . . remain unpaid at the close of business on August 31."[4] This is now the universally prescribed procedure, having replaced the previous public auction procedure which permitted, but did not require, a county to become the purchaser of all tax certificates in lieu of opening the bidding process to the public. *See* Legislative Council Special Committee on Property Tax Collection Laws Note, 1987 Wis. Act 378 § 75 (immediately following revision of § 74.57, STATS.).

Thus, we conclude that the tax deed in question is fatally defective because a material requirement of § 75.16, STATS., is omitted, and the requirement is neither stated in substantially equivalent form nor supplied by necessary inference from what is stated in

---

[4] As originally enacted, § 74.57(1), STATS., required the treasurer to issue the tax certificate to the county on August 15 of each year. *See* 1987 Wis. Act 378 § 75. The date was changed to September 1 by 1991 Wis. Act 39 § 1970. The failure to amend the date in the form specified under § 75.16, STATS., appears to be a legislative oversight.

the deed. Like the inclusion of the wrong city as the site of the tax sale in *Lander*, the recitation that a repealed tax sale procedure had been followed renders the deed just as defective as if the wrong procedure had in fact been followed. Nothing contained in the deed leads to an inference that Thiege's land was not in fact sold at public auction or that proper procedures under the present Chapter 74, STATS., were followed instead. Accordingly, we conclude, as did the trial court initially, that the tax deed recorded by Vernon County on October 15, 1996, is void on its face.

We next consider whether Thiege's attempted redemption of his property by paying the back taxes, fees and interest, to the county treasurer on January 17, 1997, was effective in causing title to the property to remain in his name. As we have noted above, § 75.01(1)(b), STATS., permits the redemption of tax-delinquent property at any time before a tax deed to the property is recorded. The original tax deed on Thiege's property was recorded on October 15, 1996. Thiege did not pay the amounts due to the county treasurer until January 17, 1997. Therefore, whether Thiege successfully redeemed his property depends on whether § 75.01(1)(b) requires that a *valid* tax deed be recorded in order to cut off an owner's right to redeem. We conclude that it does.

In *Lander v. Bromley*, 79 Wis. 372, 378, 48 N.W. 594, 596 (1891), the supreme court held that a property owner "had the legal right to redeem up to the time when the record in the register's office showed a *valid tax-deed upon its face.*" *Id.* (emphasis added). The statute applicable in *Lander*, like § 75.01(1)(b), STATS., provided that redemption could occur " 'at any time before the tax-deed executed upon such sale is

recorded, and when so redeemed such deed shall be void.' Section 1165, Rev. St." *Id.* We find it no less reasonable to read into the present § 75.01 a requirement that a tax deed must be "valid" in order to cut off the right of redemption.

Finally, we consider whether the trial court had the authority to nullify Theige's redemption by allowing the County to reform its tax deed and thereby gain title to the land. The County cites no provision in Chapter 75 which grants a court authority to permit retroactive amendment of a tax deed which is "void on its face" for noncompliance with § 75.16, STATS., and we are aware of none. To conclude that courts are vested with an equitable or inherent power to authorize retroactive changes to void tax deeds would be inconsistent with the exclusively statutory origin of tax deed proceedings. This is especially so because "statutes authorizing and regulating tax sales must be construed for the benefit of the owner." *Welsh v. Mulligan*, 251 Wis. 412, 416, 29 N.W.2d 736, 738 (1947). Such a conclusion would also undermine the requirement that a *valid* tax deed must be recorded before a property owner is precluded from redeeming his or her property. We conclude the trial court had no authority to allow the County to retroactively amend its void tax deed.

## CONCLUSION

The tax deed recorded by Vernon County was void on its face. By paying the taxes, penalties and interest due prior to the recording of a valid tax deed, Theige satisfied the requirements of § 75.01(1)(b), STATS., for redemption of the property. Accordingly, title to the property remains vested in Theige by virtue of his redemption on January 17, 1997. We reverse the

appealed order and remand for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded.